**GEO. M. STILL, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 49, Docket 23032.**

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1954.

Decided Jan. 19, 1955.

George R. Sherriff, New York City, for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for appellee.

Before SWAN, FRANK and HINCKS, Circuit Judges.

PER CURIAM.

In its original returns for the taxable year in suit the taxpayer failed to report cash sales in the amount of about $30,-000. The money received on these sales had been misappropriated by two of the taxpayer's officers. Before the end of the taxable year the embezzlement was discovered by the taxpayer's president and the embezzlers promised to make restitution, which they did in a subsequent year. The taxpayer contends that no deficiency resulted from failure to report the sales, because a deduction in the

---

**640**

amount of the embezzlement was allowable under section 23(f) of the Internal Revenue Code, 26 U.S.C.A. § 23(f), which permits the deduction of "losses sustained during the taxable year and not compensated for by insurance or otherwise." The Tax Court ruled that the loss was "otherwise" compensated for by reason of the embezzlers' promise to make restitution. In Earle v. Commissioner, 2 Cir., 72 F.2d 366 we held that the obligation to repay which the law imposes upon an embezzler does not prevent deduction of the loss in the year the embezzlement occurred even though there is no proof of his financial inability to repay. This decision is distinguishable. Here the embezzlers promised to repay, they retained their offices and their promise was apparently accepted as assurance that their misappropriation would be made good, as it subsequently was. The taxpayer was on an accrual basis and the embezzlers' promise was a contract obligation which accrued within the taxable year. The decision of the Tax Court is affirmed on the opinion of Judge Raum.