Frank C. and Mary PAPA, Appellees,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 485, Docket 71-1899.

United States Court of Appeals, Second Circuit.

Argued April 17, 1972.

Decided June 13, 1972.

James H. Bozarth, Meyer Rothwacks, Richard W. Perkins, Attys., Dept. of Justice, Scott P. Crampton, Asst. Atty. Gen., for appellant.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

After the Commissioner of Internal Revenue had determined that there were deficiencies in the taxes reported in taxpayers' returns for the taxable years 1954–1959, taxpayer petitioned the Tax Court for redeterminations of the deficiencies in the returns for 1954–1956, and of the accompanying penalties the Commissioner had assessed. The Commissioner appeals from the decision the Tax Court entered, reported, with opinion, at 29 T.C.M. 421.

In his appeal the Commissioner, satisfied with most of the Tax Court's disposition of the issues before it, seeks to have us reverse that portion of the Tax Court's decision which does not hold that, for the purposes of assessing the fraud penalty imposed by Section 6653 (b) [1] of the Internal Revenue Code of 1954 (26 U.S.C. § 6653(b)) the Commissioner could include as part of an "underpayment" the amounts assessed against and paid by the taxpayers subsequent to the filing of the taxpayers' original return and payment of tax based thereon, but prior to the issuance of the Commissioner's statutory notice to taxpayers of the deficiency in their tax payments. The Commissioner aserts that, although only $1,153.41 is at stake in his appeal in this case, there are far-reaching ramifications of the Tax Court's decision which "would make sport of the so-called fraud penalty." George M. Still, Inc. v. Commissioner of Internal Revenue, 19 T.C. 1072, 1077 (1953), aff'd. per curiam, 218 F.2d 639

---

1. 26 U.S.C. § 6653(b) in pertinent part reads as follows:

§ 6653. Failure to pay tax

\*     \*     \*     \*     \*

(b) Fraud.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. . . .

(2 Cir. 1955). We agree with the Commissioner; and, for the reasons set out below, reverse the decision of the Tax Court to the extent discussed in this opinion.

The facts of this particular case were, for the most part, agreed to by stipulation, and were adequately dealt with by the Tax Court. The question before us is one of law only and depends for its resolution upon the interpretation of relevant statutes. Thus, we set forth only a brief sketch of the pertinent facts. The appellees, Frank Papa and his wife Mary, filed joint income tax returns for all of the taxable years involved here. Between the years 1954 and 1959, Frank Papa was the sole proprietor of the Brighton Blacktop Paving Company. After an audit of that company's financial records in 1956, the Commissioner concluded that the taxpayer had understated his business receipts for the years 1954 and 1955. Accordingly, a deficiency in the amount of $2,306.83 for the year 1954 [2] was calculated and assessed, and the appellee paid this assessed deficiency on November 23, 1956. In 1958, after a routine audit of the appellees' 1956 return, a deficiency was again assessed. In 1960, when yet another audit, this one for the years 1957–1959, revealed numerous inaccuracies and discrepancies, the matter was referred to the Intelligence Division for possible fraud investigation. The ensuing investigation resulted in the issuance on September 17, 1963 of a notice of deficiency for the years 1954–1956 and the issuance of a similar notice on August 17, 1962 for the years 1957–1959. For the year relevant to this appeal, 1954, the Commissioner determined that, in addition to the deficiency of $2,306.83 mentioned above which had already been assessed and paid in 1956, the appellees had underpaid their taxes for that year by $12,338.98. It was concluded that the total underpayment was due to fraud and, pursuant to Section 6653(b), there was added to the tax determined to have been underpaid for that year an amount equal to 50% of the total underpayment of $14,645.81, viz., $7,322.90. Taxpayers challenged that determination of the Tax Court.

The Tax Court agreed with the Commissioner that $12,338.98 of the total 1954 underpayment was indeed due to fraud, but it held that the deficiency of $2,306.83 which had been assessed and paid in 1956 could not, within the relevant portions of the Code, be considered an "underpayment" for the purposes of the fraud penalty contained in Section 6653(b). That holding was based upon the determination that "[u]nder Section 6211(a) (1) (B), the amounts previously assessed shall be added to the amount shown as the tax on a taxpayer's return for purposes of determining the amount of the deficiency."[3] The Commissioner maintains that such an interpretation of Sections 6653 and 6211 disregards the clearly expressed Congressional intent to carry forward the law existing under the Internal Revenue Code of 1939 (26 U.S.C.A. (I.R.C.1939)) relating to the fraudulent underpayment of taxes. We agree with the Commissioner.

---

2. Because a loss had been reported by the taxpayer for the year 1955, the unreported business receipts did not result in the determination of a deficiency for that year.

3. Section 6211(a) (26 U.S.C. § 6211(a)) which was interpreted by the Tax Court reads as follows:

§ 6211. Definition of a deficiency

(a) In general.—For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b) (2), made.

Under the 1939 Code, Section 293(b) imposed a penalty of "50 per centum of the total amount of the deficiency" due to fraud. The term "deficiency" was defined by Section 271(a) as set forth in the margin.[4] Those sections were uniformly construed by the courts to impose the penalty upon the "difference between the tax liability and the amount shown on the taxpayer's return . . ." Wilson v. Commissioner of Internal Revenue, 7 T.C. 395, 397 (1946). It was immaterial whether the total deficiency assessed after discovery of that difference was determined in one assessment or in several assessments. *Wilson, supra* at 399. In Romm v. Commissioner of Internal Revenue, 245 F.2d 730 (4 Cir.), cert. denied, 355 U.S. 862, 78 S.Ct. 94, 2 L.Ed.2d 68 (1957), the court dealt with a similar problem, that of the impact of the fraud penalty upon a taxpayer who has made a voluntary payment of taxes after investigation of the taxpayer's income had commenced. The court stated there:

Taxpayer contends that the "deficiency" upon which the fraud penalty is levied by Section 293(b) is determined by the definition of "deficiency" contained in Section 271(a), 26 U.S. C.A. § 271(a). In general terms, the definition of Section 271(a) is that a deficiency is the amount by which the total tax liability exceeds the total of all amounts previously paid. We do not think that the word "deficiency" in Section 293(b) was meant to be so restricted. We agree with the Commissioner that it means the original deficiency in its entirety, as was held

in Middleton v. Commissioner of Internal Revenue, 5 Cir., 200 F.2d 94.

Whether Congress intended to disturb the existing law in this particular when it passed the Internal Revenue Act of 1954 appears never to have been decided by a Court of Appeals, perhaps because it seems obvious that the statutory history indicates that Congress did not intend to affect the existing interpretation. Sections 293(b) and 271(a) of the 1939 Code were recodified as Sections 6653(b) and 6211(a), respectively, of the new 1954 Code. There are only minor textual differences between the corresponding sections,[5] and the relevant Congressional Reports indicate plainly that no substantive change in the law relating to the fraud penalty was intended. We quote the relevant Committee Reports: "For all taxes for which returns are required, this section [6653(b)] prescribes additions to the tax, corresponding to those of existing law relating to the income tax, for underpayments of tax resulting from fraud (50 percent of the underpayment)." S.Rep. No. 1622, 83d Cong., 2d Sess., p. 591 (3 U.S.C.Cong. & Adm.News (1954) pp. 4621, 5241); H.Rep.No. 1337, 83d Cong., 2d Sess., p. A.419 (3d U.S.C.Cong. & Adm. News (1954) pp. 4017, 4567). It is stated in each report that Congress was making no material change from existing law through the enactment of the Section 6211 definition of a deficiency. See S.Rep. No. 1622, *supra,* 3 U.S.C. Cong. & Adm.News (1954) at p. 5222; H.Rep. No. 1337, *supra,* 3 U.S.C.Cong. & Adm.News (1954) at p. 4552.

4. Section 271(a) of the 1939 Code reads as follows:

§ 271. Definition of deficiency

(a) In general. As used in this chapter in respect of a tax imposed by this chapter, "deficiency" means the amount by which the tax imposed by this chapter exceeds the excess of—

(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon,

plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b) (2), made.

5. A comparison of the new sections with the old reveals only a minor change in terminology. While Section 293(b) of the 1939 Code used the language "total amount of the deficiency," Section 6653, I.R.C.1954, uses the term "underpayment."

Moreover, and most importantly, the Tax Court's interpretation of the interplay of Section 6211(a) (1) (B) with Section 6653(b) would "nullify the fraud penalty" for, as pointed out in George M. Still, Inc. v. Commissioner of Internal Revenue, *supra*, 19 T.C. at 1077: "A taxpayer who had filed a fraudulent return would merely take his chances that the fraud would not be investigated or discovered, and then, if an investigation were made, would simply pay the tax which he owed anyhow and therefore nullify the fraud penalty." It is highly unlikely that Congress would have intended the result so favorable to tax evaders which the Tax Court reached here.

We order that the Tax Court decision is to be modified in accordance with this opinion.