LOUIS H. BONUCCI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bonucci v. Commissioner
Docket No. 12329-77.
United States Tax Court
T.C. Memo 1979-382; 1979 Tax Ct. Memo LEXIS 143; 39 T.C.M. (CCH) 179; T.C.M. (RIA) 79382; September 18, 1979, Filed *143 Petitioner knowingly and intentionally understated income and underpaid taxes for three consecutive years. Held, petitioner acted with intent to defraud the Government, and therefore, petitioner is subject to the addition to tax penalty under sec. 6653(b). Held further, amount of underpayment of tax is not reduced by filing amended returns after the due date of the original returns. Louis H. Bonucci, pro se. Judy Jacobs, for the respondent. *144 STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In his notice of deficiency dated September 16, 1977, respondent determined the following additions to tax in petitioner's income taxes: Addition to Tax
Year
(Sec. 6653(b))
1969
$14,315.40
1970
25,069.76
1971
44,853.34
The only question before this Court is whether the underpayments of tax shown on petitioner's income tax returns for 1969, 1970 and 1971 are due to fraud. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Louis H. Bonucci (hereinafter petitioner) resided in Princeton, Illinois at the time he filed the petition herein. He filed his Federal income tax returns on the cash basis for 1969, 1970 and 1971 on April 15 of 1970, 1971, and 1972. There is no indication in the record where petitioner filed the returns. In May 1972 petitioner was contacted for an audit of his 1970 income tax return. Petitioner's original income tax returns omitted gross receipts and understated his tax due as follows: Gross Receipts
Understated
Year
Omitted
Tax Due
1969
$ 41,414.03
$28,630.80
1970
85,769.08
50,139.21
1971
141,578.46
89,706.68
*145 In September 1972 petitioner filed amended tax returns and paid the understated tax for 1969, 1970 and 1971. When petitioner filed his original income tax returns for 1969, 1970 and 1971, he knew that each of them omitted gross receipts and tax due by a substantial amount. On August 30, 1974 petitioner pleaded guilty to, and was convicted of, willfully making and subscribing his original return for 1971, which contained or was verified by a written declaration that it was made under penalties of perjury and which he did not believe to be true and correct as to every matter, in violation of section 7206(1), I.R.C. 1954. His conviction is final. In 1969, 1970 and 1971 petitioner was a general surgeon. During the years in question petitioner's bookkeeper prepared two sets of books and records, one reflecting all receipts received and the other showing only the receipts reported on petitioner's original tax returns. The second set of books for 1969 and 1970 was prepared at the bookkeeper's initiative but with petitioner's knowledge. Petitioner requested that his bookkeeper prepare the second set of 1971 books for the purpose of presenting them to his former wife's attorney. *146 At petitioner's suggestion the second set of books reflected the average, or mean, income for a general surgeon. The second set of books and records consisted of receipts from insurance companies for which petitioner had received Forms 1099. It was petitioner's belief that, if he had not reported at least as much income as the amount for which he had received Forms 1099, the Internal Revenue Service computer would "kick out" his returns for auditing. Bruno Bernabei prepared petitioner's original income tax returns for the years in issue. Mr. Bernabei did not request to see, nor was he shown, any books and records. He was given verbally the figures from which he prepared the returns. OPINION Due to concession and stipulation on the part of petitioner as to the fact, and amount, of underpayment of tax, the only issue remaining for our determination is whether the underpayment of tax in 1969, 1970 and 1971 is due to fraud within the meaning of section 6653(b). Fraud is an actual intentional wrongdoing; the intent required is the specific purpose to evade a tax believed to be owing. McGee v. Commissioner, 61 T.C. 249, 256 (1975), affd. 519 F.2d 1121 (5th Cir. 1975). *147 Therefore, in order to prove an underpayment due to fraud under section 6653(b), respondent must prove, by clear and convincing evidence, that petitoner had the specific purpose and intent to evade a tax believed to be owing and the underpayment of tax must be due to or caused by the purpose and intent to evade tax. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure.
Petitioner argues that his motive for filing false returns was, not to defraud the Government, but to conceal his true income from his ex-wife, who periodically requested to see petitioner's income tax returns in order to increase the amount of his child support payments. In addition he argues that, upon notice that his 1970 return was going to be audited, he voluntarily filed amended returns and paid the proper amount of tax due and therefore should not be subject to the addition to tax penalty under section 6653(b). Respondent argues that, regardless of what other purposes petitioner may have had for understating his income on his returns, one of his purposes was an intent to evade tax. Respondent also argues that subsequent payment of the tax by amended return does not remove or diminish *148 the amount of the addition to tax penalty. Petitioner admits that he knowingly omitted substantial amounts of gross income in his 1969, 1970 and 1971 income tax returns. Petitioner also admits he knew each return understated tax due by a substantial amount. The logical conclusion from these two facts alone is that an intent to evade income taxes existed. While petitioner's primary motive in filing the fraudulent returns may have been to deceive his ex-wife, willful evasion was also a motivation. The Supreme Court in Spies v. United States, 317 U.S. 492, 499 (1943) said "If the tax evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes". A comparison of the schedules C filed with petitioner's original and amended returns shows the original returns omitted net profits of over 100 percent for tax years 1969 and 1970 and over 200 percent for 1971. "Discrepancies of 100 percent and more between the real net income and the reported income for three successive years strongly evidence an intent to defraud the Government." Rogers v. Commissioner, 111 F.2d 987, 989 (6th Cir. 1940). *149 Petitioner argues that he intended to pay the actual tax owed at some later date "when it was beneficial to him", and that the filing of amended returns with payment of the taxes evidences the fact that he had no intention to defraud the Government. However, this argument contradicts petitioner's testimony that the reason he filed amended returns was because he received notice his 1970 tax return was going to be audited and feared that this would lead to his 1969 and 1971 returns being audited. This testimony, combined with petitioner's statement that he reported only the Form 1099 income to avoid attracting the Internal Revenue Service's attention to his returns, further evidences an intent to evade tax. Reporting only enough income to avoid audit, paying the proper amount of tax only upon notification of audit, the size of the discrepancy between amount originally reported and actually earned and the successiveness of this type reporting, combined with petitioner's knowledge of his actions, establishes by clear and convincing evidence that petitioner intended to defraud the Government in each of the years herein in issue. Petitioner's final argument is that his payment of *150 the taxes prior to the actual audit or notice of deficiency prevents the Internal Revenue Service from assessing an addition to tax penalty. Section 6653(b) imposes a 50 percent penalty on the amount of fraudulent underpayment. Section 6653(b) provides that "[if] any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." Section 6653(c) defines an "underpayment" as a deficiency except that the tax shown on an amended return is treated as a deficiency unless the amended return was filed on or before the last day prescribed for filing the original return. See section 301.6653-1(c), Proced. & Admin. Regs. As this Court has noted in its discussion of section 293(b), Internal Revenue Code of 1939, the predecessor of section 6653, "any other result would make sport of the so-called fraud penalty. A taxpayer who had filed a fraudulent return would merely take his chances that the fraud would not be investigated or discovered, and then, if an investigation were made, would simply pay the tax which he owed and thereby nullify the fraud penalty." *151 George M. Still, Inc. v. Commissioner, 19 T.C. 1072, 1077 (1953), affd. per curiam 218 F.2d 639 (2d Cir. 1955). Therefore, we find the entire amount omitted from petitioner's original tax returns and stipulated to by the parties is subject to the 50 percent addition to tax penalty under section 6653(b). Decision will be entered for the Respondent.