NORRIS J. PREJEAN and KATHLEEN A. PREJEAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prejean v. Commissioner
Docket No. 27344-81
United States Tax Court
T.C. Memo 1983-31; 1983 Tax Ct. Memo LEXIS 760; 45 T.C.M. (CCH) 535; T.C.M. (RIA) 83031; January 17, 1983. *760 Petitioners' tax return was filed approximately two weeks after the due date, and the tax shown thereon was assessed and paid. Thereafter, an additional amount of tax and an addition to tax for fraud, under section 6653(b), I.R.C. 1954, were found to be due. Held, the addition to tax under section 6653(b), I.R.C. 1954, is computed on the basis of the total tax due, without reduction for the amount shown on the untimely return. Barry E. Waguespack, for the petitioners. Linda J. Bourquin, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: The facts of this case, including the amount of additional tax owing by petitioners, have been fully stipulated and the case has been submitted for decision pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The sole issue for decision is whether the addition to tax under section 6653(b)[1] is to be computed on the basis of the total tax liability for the year in question or whether that amount should be reduced, for purposes of computing the addition to tax, by the amount shown on a return filed after the due date and assessed and paid prior to determination of a deficiency due in part to fraud. At the time of filing their petition herein, petitioners *762 resided in Broussard, Louisiana. During the years 1973 and 1974 petitioners were married to each other, and they filed joint individual income tax returns for those years with the Internal Revenue Service Center in Austin, Texas. Respondent determined deficiencies in and additions to petitioners' tax for 1973 and 1974 as follows: Additions to Tax
I.R.C. 1954
Year
Deficiencies
Section 6653(b)
1973
$ 625
$312
1974
$2,692
3,560
The parties have agreed that for 1973 the correct amount of the deficiency to be assessed is $405 and the addition to tax, to be assessed only against petitioner Norris J. Prejean, is $202. The parties have further agreed that the additional tax to be assessed with respect to 1974 is $1,346. The sole item remaining in dispute is the computation of the addition to tax for 1974, which is to be assessed only against petitioner Norris J. Prejean. Petitioners contend that the correct amount is $673, which is 50 percent of the deficiency not previously assessed and paid. Respondent contends that the correct amount of the addition to tax is $2,887, which is 50 percent of the total amount of petitioners' income tax liability *763 for 1974. Petitioners' joint return for 1974 was due on April 15, 1975, no extension of time for filing having been obtained by petitioners. It was received by the Internal Revenue Service Center on May 2, 1975, in an envelope postmarked April 30, 1975. The lateness of petitioners' 1974 return was not related to the adjustments to the tax liability for that year forming the basis for the determination that part of the deficiency was due to fraud. The 1974 return showed a tax liability of $4,428, which was paid in part through withholding and in part with the return. The said amount was assessed on June 9, 1975. Sections 6653(b) and 6653(c)(1) provide in part as follows: (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * (c) Definition of Underpayment.--For purposes of this section, the term "underpayment" means-- (1) Income, estate, gift, and certain excise taxes.--In the case of a tax to which section 6211 (relating to income, estate, gift, and certain excise taxes) is applicable, a deficiency as *764 defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing), * * * Section 6211(a)(1) reads as follows: (a) In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 42 and 43, the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 42 or 43, exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates, as defined in subsection (b)(2), made. Petitioners argue that the addition to tax under section 6653(b) (commonly known as "the civil fraud penalty") should not apply to the total tax liability but only to the "deficiency" because, *765 although the return was delinquent, the amount of tax shown on the return was assessed and paid prior to the audit that revealed the fraudulent items. [2] Petitioners seek to distinguish cases such as George M. Still, Inc. v. Commissioner,19 T.C. 1072 (1953), affd. 218 F.2d 639 (2d Cir. 1955), and Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963), holding that the computation of the fraud penalty is not affected by the filing of nonfraudulent amended returns after a timely but fraudulent return. Petitioners contend that those cases are not in point here because the lateness of their 1974 return was not related to the fraud. Petitioners also seek to distinguish similar cases decided under analogous provisions of the Internal Revenue Code of 1939, such as Bennett v. Commissioner,30 T.C. 114 (1958), and Wilson v. Commissioner,7 T.C. 395 (1946); and they try to avoid the holding of Papa v. Commissioner,464 F.2d 150 (2d Cir. 1972), revg. a Memorandum Opinion of this Court, by stating that the Court of Appeals "failed to note the pertinent changes in the 1954 Code and thus adopted *766 the reasoning of the older cases." Petitioners have not and cannot point to any "pertinent changes in the 1954 Code" that would change the law stated in the earlier cases. The opinion in Papa v. Commissioner,supra, specifically discussed the differences between the 1939 Code and the 1954 Code and concluded that "no substantive change in the law relating to the fraud penalty was intended." 464 F.2d at 152. We reached the same conclusion in Stewart v. Commissioner,66 T.C. 54 (1976), and Breman v. Commissioner,66 T.C. 61 (1976).Petitioners do not attempt to distinguish those cases. Nothing in the statute or the legislative history justifies any conclusion other than that section 6653(c)(1) codified the pre-1954 judicial doctrine that required a return to be timely filed before the amount shown on the return would reduce the amount of the underpayment. The 1954 statute, in fact, adopted specific language, not found *767 in the 1939 Code, providing that the amount shown on the return originally filed would be taken into account in computing the deficiency "only if such return was filed on or before the last day prescribed for the filing of such return." [3]
Petitioners also argue that the policy of the earlier cases does not apply here, because the delinquent return was not related to the fraud. They contend that reducing the total tax by that shown on the return before computing the penalty would not be "making sport of the fraud penalty" by allowing the taxpayer to file a late return in order to minimize the fraud penalty after it appeared that his earlier fraud would be discovered. The answer to this contention *768 is found in the Memorandum Opinion of this Court in Baylor v. Commissioner,T.C. Memo. 1977-253 at 17-18: The purpose of the statutory requirement of a timely return is to prevent an easy circumvention of the fraud penalty in cases where no return, or fraudulent return, is initially filed. In those situations, if the tax shown on the untimely or amended return could reduce or eliminate any "underpayment," then the fraud penalty could accordingly be reduced or eliminated. Such a situation would make a "sport of the so-called fraud penalty" ( George M. Still, Inc. v. Commissioner,19 T.C. 1072, 1077 (1953), affd. per curiam 218 F.2d 639 (2d Cir. 1955)) because a taxpayer who had filed a fraudulent return, or no return, would merely file an amended or a late return when it became clear the IRS was aware of the facts. See Papa v. Commissioner,464 F.2d 150, 153 (2d Cir. 1972), revg. a Memorandum Opinion of this Court; Stewart v. Commissioner,66 T.C. 54, 58-59, 61 & n. 6 (1976); George M. Still, Inc. v. Commissioner,supra;Wilson v. Commissioner,7 T.C. 395, 398 (1946); *769 see also Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974). Yet, the statute adopts a mechanical rule based on the timeliness of a return for determining whether the tax shown therein will reduce the amount of an underpayment; and the statute is not limited only to those situations wherein a taxpayer may have sent in a return with the intent of thwarting the fraud penalty. [4]
We can neither add language to nor carve out exceptions to specific language of the statute, particularly when the history, as here, shows that the language was specifically inserted in the context of an existing body of law. See David Metzger Trust v. Commissioner,76 T.C. 42, 59-60 (1981). Decision will be entered for the respondent pursuant to the calculations set forth in the stipulation.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. The amounts paid by withholding and with the return were previously assessed, but not "as a deficiency." Thus, contrary to petitioners' position, sec. 6211(a)(1)(B) adds nothing in this case.↩
3. As adopted in 1954, the statute provided that the deficiency was measured by taking into account tax shown on a return if the return was filed before the last day prescribed for filing. The section was amended in 1958 to add the words "on or" in order to make it clear that the tax shown on the return also is to be taken into account if the return is filed on the last day prescribed for filing. Pub. L. 85-866, sec. 86, 72 Stat. 1665; 1958 U.S. Code Cong. & Ad. News 1998, 4889.↩
4. See also Estate of Mazzoni v. Commissioner,T.C. Memo. 1970-37 and 1970-144, affd. 451 F.2d 197↩ (3d Cir. 1971).