JOE T. TERRELL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terrell v. Commissioner
Docket No. 14315-85.
United States Tax Court
T.C. Memo 1986-507; 1986 Tax Ct. Memo LEXIS 101; 52 T.C.M. (CCH) 772; T.C.M. (RIA) 86507; October 7, 1986. Claude R. Wilson, Jr., for the petitioner. James B. Ausenbaugh, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: This case is before the Court on petitioner's motion for partial summary judgment *102 under Rule 121. [1] Petitioner asks us to find, as a matter of law, that there is no deficiency in his Federal income tax for 1980 and a maximum deficiency of $197.66 for 1981. The Commissioner determined the following deficiencies in petitioner's Federal income tax and additions to tax for fraud for the taxable years 1980 and 1981: Section 6653(b) [2]
Year
Deficiency
Addition to Tax
1980
$3,680.23
$1,840.12
1981
$5,646.10
$2,823.05
The facts are not in dispute. Petitioner, Joe T. Terrell, resided at Jacksonville, Texas at the time his petition was filed. Petitioner timely filed his Federal income tax returns for 1980 and 1981. The returns reported tax liabilities of $10,246.93 for 1980 and $15,524.00 for 1981. On December 1, 1982 petitioner consented to an additional assessment of tax for 1980 in the amount of $728.00. This amount was assessed on February 14, 1983. On May 6, 1983, in connection with an audit of his tax returns *103 for 1980 and 1981, petitioner filed an amended return, Form 1040X, for each year showing $4,422.36 in additional taxes owed for 1980 and $5,448.44 in additional taxes owed for 1981. [3] Respondent assessed these amounts on April 1, 1985. On May 2, 1985 respondent mailed a statutory notice of deficiency to petitioner showing petitioner's correct tax liability to be $14,655.16 for 1980 and $21,170.10 for 1981, and determining deficiencies of $3,680.23 and $5,646.10, respectively. In determining the deficiency for each year, respondent did not take into account the amounts previously assessed *104 on April 1, 1985 in connection with the amended returns filed in 1983. Respondent, however, did take into account the $728.00 additional assessment for 1980 in determining the deficiency for 1980. [4]
Petitioner contends that all of the amounts assessed after the original returns were filed and prior to the issuance of respondent's statutory notice should have been taken into account as "amounts previously assessed" in determining whether deficiencies existed for either year. See section 6211(a). If respondent had done so, he would have computed an overpayment of tax for 1980 and a deficiency for 1981 as follows: 1980
Amount on Original Return
$10,246.93
Additional Assessment
728.00
Amended Return Assessment
4,422.36
Total Assessment
$15,397.29
Correct Tax
14,655.16
Overpayment
$ 742.13
1981
Amount on Original Return
$15,524.00
Amended Return Assessment
5,448.44
Total Assessment
$20,972.44
Correct Tax
21,170.10
Deficiency
$ 197.66
*105 The underlying issue presented by petitioner's motion is whether respondent correctly computed the section 6653(b) additions and appears to be identical to that decided by Stewart v. Commissioner,66 T.C. 54 (1976). See also Breman v. Commissioner,66 T.C. 61 (1976). Assuming that there is no deficiency for 1980 and a deficiency of $197.66 for 1981 within the meaning of section 6211(a), an "underpayment" yet exists in each year within the meaning of section 6653(c) which is measured by the difference between petitioner's correct tax liability and the tax liability shown on his timely filed original returns. See George M. Still, Inc. v. Commissioner,19 T.C. 1072 (1953), affd. per curiam 218 F.2d 639 (2d Cir. 1955). Also, even if no underlying deficiency exists for 1980, and no fraud addition was determined, we would have jurisdiction over that year in this case. It is well established that this Court is a court of limited jurisdiction. Logan v. Commissioner, 86 T.C. (filed June 18, 1986); Medeiros v. Commissioner,77 T.C. 1255, 1259 (1981).Our power is precisely circumscribed by statute, and *106 we may not expand upon it. Section 7442; Logan v. Commissioner,supra; Naftel v. Commissioner,85 T.C. 527, 529 (1985); Medeiros v. Commissioner,supra. Jurisdiction vests in the Tax Court after respondent issues a valid statutory notice determining a deficiency and the taxpayer files a timely petition with this Court. Sections 6212, 6213; Rules 13, 20. It is not the existence of a deficiency, but the mailing of the notice of deficiency that provides the basis for our jurisdiction. See Stevens v. Commissioner,709 F.2d 12, 13 (5th Cir. 1983), affg. a Memorandum Opinion of this Court; Naftel v. Commissioner,supra,85 T.C. at 530. We also have jurisdiction to determine the correctness of any additions to tax even if petitioner's income tax liability for the year is not disputed. Estate of DiRezza v. Commissioner,78 T.C. 19 (1982); Myers v. Commissioner,28 T.C. 12 (1957). A valid notice of deficiency was mailed in this case and a timely petition was filed. Moreover, as noted, an addition to tax for 1980 was determined in the notice and disputed by the petition. *107 Consequently, we have jurisdiction over petitioner's 1980 taxable year despite the assessments made prior to the issuance of the notice which eliminated the deficiency as determined for 1980. Because we have authority to determine a deficiency greater than that determined by respondent, we cannot, prior to trial in this case, determine that there is no deficiency in petitioner's Federal income tax for 1980 or that there is a deficiency of $197.66 for 1981. Section 6214(a). We, therefore, deny petitioner's motion for partial summary judgment. An appropriate order will be issued.
Footnotes
1. All rule references are to the United States Tax Court Rules of Practice and Procedure. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. The Internal Revenue Code does not explicitly provide for the filing or acceptance of amended returns. Badaracco v. Commissioner,464 U.S. 386, 393 (1984). Although respondent has permitted the use of amended income tax returns, amended returns are creatures of administrative convenience and, except as otherwise provided by regulations, respondent is free to accept or reject them. See also Koch v. Alexander,561 F.2d 1115, 1117 (4th Cir. 1977); Miskovsky v. Commissioner,414 F.2d 954, 955↩ (3d Cir. 1969). He has in this case accepted them.
4. Respondent now argues that the additional assessment of $728.00 in 1983 should not have been taken into account in the determination of the deficiency for 1980 and that the correct deficiency for 1980 is $4,408.23.↩