MARK D. DEEL, Petitioner v. COMMISSIONER OF THE INTERNAL REVENUE, Respondent
Deel v. Commissioner
Docket No. 18340-87
United States Tax Court
T.C. Memo 1990-545; 1990 Tax Ct. Memo LEXIS 599; 60 T.C.M. (CCH) 1037; T.C.M. (RIA) 90545; October 22, 1990, Filed Noah M. Smith, for the petitioner. Warren P. Simonsen, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION This case is before the Court on petitioner's motion for leave to file a motion to vacate or revise the stipulated decision in this case pursuant to Rule 162. [1]
*600 A decision for the 1983 taxable year was entered pursuant to the parties' stipulation of settlement, as follows: Additions To Tax
Income Tax
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
$ 7,776 $ 388.80 *
$ 1,944
Petitioner asks us to consider whether the decision should be vacated on the ground that it resulted from a mutual mistake. Petitioner timely filed a return for the 1983 taxable year which understated the taxable income and tax due. After respondent commenced an audit of petitioner's return but prior to the mailing of the notice of deficiency, petitioner filed an amended return and paid the additional tax of $ 7,776. Although petitioner was given credit for payment of the additional tax, respondent did not make an assessment based on the amended return because of an apparent defect with respect to the amended return. [2] Respondent sent a statutory notice to petitioner on March 16, 1987. Respondent determined *601 in his notice of deficiency that petitioner was liable for additions to tax pursuant to sections 6653(a)(1), 6653(a)(2), and 6661. The interest on the underlying deficiency stopped running on the date on which petitioner paid the additional tax of $ 7,776. On July, 16, 1987, petitioner filed his petition herein. On February 26, 1988, this Court entered the stipulated decision wherein the parties agreed to the amount of the income tax deficiency and additions to tax thereto. Assessment of the deficiency and additions to tax by respondent was thereafter made. More than 9 months after this Court entered the stipulated decision, on December 15, 1989, petitioner filed a motion for leave to file a motion to vacate embodying motion to vacate. On January 8, 1990, respondent filed a notice *602 of objection to petitioner's motion. A hearing to entertain the motion was held in Washington, D.C., on March 7, 1990. Where parties enter into an agreement and the Court has entered a decision based on the agreement, the parties are normally held to the terms of the agreement without regard to whether the decision is correct on the merits. Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988). This Court is reluctant to set aside a stipulated decision. Petitioner contends that the stipulated decision should be vacated because it was the result of a mutual mistake as to the definition of the term deficiency. In support of his motion to vacate the stipulated decision, petitioner contends that there was no deficiency upon which additions to tax could be based because he had filed an amended return and paid the additional tax prior to the mailing of the statutory notice of deficiency. After consideration of the evidence, we believe that there was a deficiency upon which the additions to tax could be based. The section 6653(a) additions are imposed where any part of an underpayment of tax required to be shown on a return is due to negligence or the intentional *603 disregard of rules or regulations. Section 6653(c)(1) defines an underpayment in the case of a tax to which section 6211 is applicable as "a deficiency as defined in [section 6211]." In the case of the income tax imposed by subtitle A, section 6211 defines the term deficiency to mean "the amount by which the tax imposed * * * exceeds the excess of * * * the amount shown as the tax by the taxpayer upon his return." In determining whether an underpayment exists, the tax shown on the taxpayer's return "shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return." Sec. 6653(c)(1). The tax reported on an amended return filed subsequent to the due date of the original return does not negate the existence of an understatement. Emmons v. Commissioner, 92 T.C. 342, 348-349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). See also Badaracco v. Commissioner, 464 U.S. 386, 394 (1984); George M. Still, Inc. v. Commissioner, 19 T.C. 1072, 1077 (1953), affd. 218 F.2d 639 (2d Cir. 1955). Accordingly, the section 6653(a) additions to tax were properly imposed *604 against petitioner. In addition, there was no mutual mistake regarding the section 6661 addition to tax for substantial understatement of income for the 1983 taxable year. A "substantial understatement" exists where the amount of the understatement of income tax for the year exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1). The pertinent part of section 1.6661-2(d)(2), Income Tax Regs., provides: For purposes of section 6661, the amount of tax shown on the return for the taxable year is determined * * * without regard to any amount of additional tax shown on a return (including an amended return, so-called) filed after the taxpayer is first contacted by the Internal Revenue Service concerning the tax liability of the taxpayer for the taxable year. * * * Accordingly, a section 6661 addition is properly imposed where the taxpayer after the commencement of an audit and contact by the Internal Revenue Service files an amended return and pays the additional tax subsequent to the due date of the original return. Petitioner also contends that the parties made a mutual mistake regarding *605 the proper percentage rate to be used for computing the section 6661 substantial understatement addition to tax. Petitioner argues that the section 6661 addition to tax should be computed at a 10-percent rate rather than the 25-percent rate used in the stipulated decision. We believe that the section 6661 addition was properly computed at the 25-percent rate and, therefore, reject petitioner's argument. Section 6661 provides for a 25-percent addition to tax for an underpayment attributable to a substantial understatement of income tax that is assessed after October 21, 1986, for returns with a due date for filing which is after December 31, 1982. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). See also Estate of McClanahan v. Commissioner, 95 T.C. (1990). In this case, the assessment was not made until 1988 for the 1983 taxable year. Accordingly, the 25-percent rate for computing the section 6661 addition to tax is applicable. Finally, petitioner contends that respondent incorrectly computed the section 6653(a)(2) addition to tax as 50 percent of the deficiency rather than 50 percent of the interest due under section 6601. Section 6653(a)(2) *606 provides that there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to any portion of an underpayment attributable to negligence or the intentional disregard of rules or regulations. The stipulated decision clearly states that the 50-percent interest addition under section 6653(a)(2) will be computed on $ 7,776 of the income tax deficiency. Hence, the language of the stipulated decision is in conformity with the statutory provision. Petitioner has not shown a proper reason to vacate the decision to which he previously agreed. Accordingly, petitioner's motion for leave to file a motion to vacate decision will be denied. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 7,776.↩
2. Neither party offered the amended return into evidence to prove or disprove the existence of a defect. We note that a properly filed amended return would not preclude the existence of a deficiency. See discussion, infra↩.