M. WILLIAM BREMAN AND SYLVIA G. BREMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6390-74.     Filed April 8, 1976.

---

*Karl W. Windhorst,* for the petitioners.
*Maurice W. Gerard,* for the respondent.

OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax and an addition to the tax of M. William Breman under the provisions of section 6653(b), I.R.C. 1954,[1] for their taxable year ended November 30, 1964, in the amount of $14,239.45 and $22,184.19, respectively. The issues for decision are:

(1) Whether the decision entered by this Court on April 5, 1968, pursuant to stipulation of the parties, determining a deficiency in petitioners' income tax for their fiscal year ended November 30, 1964, in the amount of $30,128.93, forecloses under the doctrine of res judicata the assertion of a further deficiency and an addition to tax under section 6653(b) for the same taxable year.

(2) If the assertion of a further deficiency is not foreclosed by the prior decision of this Court for petitioners' fiscal year ended November 30, 1964, is the deficiency which may be asserted limited to the addition to tax under section 6653(b).

(3) If the assertion of a deficiency and an addition to tax under section 6653(b) is not foreclosed by the prior decision of this Court for petitioners' fiscal year ended November 30, 1964, should the addition to tax under section 6653(b) be computed only on the deficiency asserted in the notice which forms the basis of the instant case or should it be computed on the difference between petitioners' correct income tax liability and

---

[1] All references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

the tax as shown on petitioners' income tax return for their taxable year ended November 30, 1964.

All of the facts have been stipulated and are found accordingly.

Petitioners, husband and wife, whose legal residence was in Atlanta, Ga., at the time the petition in this case was filed, filed a joint Federal income tax return on March 15, 1965, for their taxable year ended November 30, 1964, with the District Director, Internal Revenue Service, in Atlanta, Ga.

On January 17, 1966, respondent issued to petitioners a statutory notice of deficiency determining a deficiency in their Federal income tax for their taxable year ended November 30, 1964, in the amount of $50,395.97. The deficiency was based on the determination of respondent that $98,157 of an amount distributed to petitioners in 1964 by Georgia Screw Products Corp. constituted ordinary dividend income and not capital gain as reported by petitioners. Respondent increased petitioners' taxable income as reported by the amount of the dividend he determined to result from the distribution and decreased the resulting amount of income by the amount of capital gain reported by petitioners as gain from a liquidating distribution of Georgia Screw Products Corp.

Petitioners filed a timely petition to this Court assigning error to the respondent's determination of deficiency for their taxable year ended November 30, 1964, as set forth in his notice of deficiency dated January 17, 1966. This petition was assigned docket No. 1883-66. Respondent filed a timely answer to petitioners' petition. Petitioners and respondent reached a basis of settlement in docket No. 1883-66, reducing the additional dividend from the $98,157 set forth in the notice of deficiency to $68,710. After making the necessary adjustments to capital gain income as reported, this settlement resulted in a deficiency in petitioners' income tax for their fiscal year ended November 30, 1964, of $30,128.93. The parties filed with this Court a proposed decision based on the settlement they had reached for a deficiency in petitioners' income tax for their taxable year ended November 30, 1964, in the amount of $30,128.93. On April 5, 1968, this Court entered a decision in docket No. 1883-66 determining the stipulated deficiency of $30,128.93 in petitioners' income tax for their taxable year ended November 30, 1964. Neither respondent nor petitioners filed an appeal from the decision of this Court entered April 5, 1968.

During the taxable year ended November 30, 1964, petitioner M. William Breman received dividend income from Breman Steel Co., Inc., in the amount of $20,854.31, representing the receipt of proceeds from the sale of scrap steel by Breman Steel Co., Inc. This $20,854.31 of dividend income was not reported on petitioners' Federal income tax return for their taxable year ended November 30, 1964. The omitted dividend income of $20,854.31 was not included as an adjustment in the statutory notice of deficiency dated January 17, 1966, on which the case of *M. William Breman and Sylvia G. Breman,* docket No. 1883-66, was based, nor was it included in computing the deficiency reflected in the decision of this Court entered April 5, 1968, in that case. The fact that petitioner M. William Breman had received dividend income from Breman Steel Co., Inc., in the amount of $20,854.31 which had not been reported on petitioners' Federal income tax return for their taxable year ended November 30, 1964, was not known by respondent at the time petitioners' case, docket No. 1883-66, was settled and at the time the decision therein was entered on April 5, 1968. The omission of this dividend income from petitioners' Federal income tax return for their taxable year ended November 30, 1964, was not discovered by agents of respondent until some time on or after October 18, 1968.

Respondent, on April 29, 1974, mailed to petitioners a second notice of deficiency, which is the basis of the petition filed in this case. In this second notice of deficiency respondent determined the deficiency as heretofore set forth against petitioners for their taxable year ended November 30, 1964, based on the inclusion in their income of $20,854.31 of dividend income which was not reported on their Federal income tax return for their fiscal year 1964. In this same notice of deficiency respondent determined an addition to tax of petitioner M. William Breman in the amount heretofore set forth. Petitioners concede that respondent is correct in asserting the addition to tax under the provisions of section 6653(b) and that the basis for asserting this addition to tax is the omission of the $20,854.31 of dividend income.

Petitioners' primary position is that the decision of this Court entered on April 5, 1968, in docket No. 1883-66 determining a deficiency in their income tax for their taxable year ended November 30, 1964, constitutes a bar under the doctrine of res judicata to the assertion of additional deficiencies, including

addition to tax under section 6653(b), in petitioners' tax liability for their taxable year 1964. Petitioners in the alternative contend that if the prior decision of this Court is not a complete bar to the assertion of any deficiency, then the only deficiency that may properly be asserted is the addition to tax under section 6653(b) and that this addition to tax should be limited to 50 percent of the amount of deficiency of $14,239.45 determined in the deficiency notice issued by respondent on April 29, 1974.[2]

Respondent takes the position that the provisions of section 6212(c)(1)[3] specifically except from the restriction against issuance of a second notice of deficiency where a petition has been filed with this Court, the case of fraud. Respondent contends that the legislative history of section 274(f) of the Revenue Act of 1926, which contains substantially the same restriction on issuance of an additional notice of deficiency after a petition has

---

[2] Petitioners make no contention separately with respect to Mrs. Sylvia G. Breman that since no addition to tax under sec. 6653(b) is determined against her, presumably since the fraudulent omission of dividend income was solely the fraud of Mr. Breman, that in any event the determination of any additional deficiency against her is foreclosed under the doctrine of res judicata by our decision entered Apr. 5, 1968. The parties stipulated the issues herein as follows:

10. The only issues under the pleadings for determination by the Court are set forth below:

(a) Whether the decision in Docket No. 1883-66, * * *, constitutes a bar to the assertion of additional deficiencies in the petitioners' tax liability for the taxable year ended November 30, 1964.

(b) In the event that the Court holds that the assertion of additional deficiencies in the petitioners' tax liability for the taxable year ended November 30, 1964 is not barred, whether the amount of the addition to tax under the provisions of *Int. Rev. Code of 1954*, § 6653(b), should be computed against the deficiency as determined in the case presently before this Court or whether it should be computed against the difference between the tax shown on the income tax return and the petitioners' corrected liability as finally determined for the taxable year here involved.

We therefore will not consider whether as to Mrs. Breman only res judicata would be applicable, but by not considering this issue are not expressing a view as to the conclusion we would reach if the issue were raised. See, however, *Henry M. Rodney*, 53 T.C. 287 (1969).

[3] SEC. 6212. NOTICE OF DEFICIENCY.

(c) FURTHER DEFICIENCY LETTERS RESTRICTED.—

(1) GENERAL RULE.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar quarter, of estate tax in respect of the taxable estate of the same decedent of chapter 43 tax for the same taxable years, of section 4940 tax for the same taxable year, or of chapter 42 tax (other than under section 4940) with respect to any act (or failure to act) to which such petition relates, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical errors), or in section 6861(c) (relating to the making of jeopardy assessments).

been filed in this Court as is contained in section 6212(c)(1), supports his position that in the case of fraud he is entitled to issue a second notice of deficiency even though a decision in a prior case for the same year has been entered by this Court and that decision has become final. Respondent further contends that in the second notice he is authorized to determine both a deficiency in tax and an addition to tax for fraud and that the addition to tax is properly based on the difference in the tax liability shown by petitioners on their return as filed and the correct tax liability as finally determined.

Petitioners recognize that section 6212(c) does provide an exception in the case of fraud to the determination of an additional deficiency in income tax for the same taxable year even though a petition has been filed with this Court from the first notice of deficiency, but argue that the doctrine of res judicata takes precedence over this statutory provision. Petitioners state that since in their case we are not concerned with collateral estoppel but rather with a proposed tax for the same taxable year, the doctrine of res judicata in its strictest sense is applicable. They cite cases of this Court holding that we are without authority under the statutes limiting our jurisdiction to vacate a decision which has become final because of the expiration of the 90-day period from its entry with no appeal being taken. They argue that we have held that we have no jurisdiction to vacate a final decision entered pursuant to stipulation of the parties even though that decision was procured by fraud upon the Court, citing *Senate Realty Co. v. Commissioner,* 511 F. 2d 929, 931 n. 1 (2d Cir. 1975), affg. a Memorandum Opinion of this Court.

This Court has pointed out on numerous occasions that its jurisdiction is strictly limited by statute and that it may not enlarge upon that statutory jurisdiction. See *Earl H. C. Lurkins,* 49 T.C. 452 (1968). See also *Lasky v. Commissioner,* 235 F. 2d 97 (9th Cir. 1956), affd. per curiam 352 U.S. 1027 (1957). However, the provision of section 6212(c)(1) excepts from the restriction on a second notice of deficiency the case of fraud. Therefore, even though a petition has been filed with this Court respondent is permitted to send a second notice of deficiency in the case of fraud. If this second notice of deficiency is a notice of deficiency

within the meaning of section 6213(a),[4] this Court does have jurisdiction to redetermine the deficiencies asserted by respondent in the second notice of deficiency. Under section 6213 this Court acquires jurisdiction of a case when a petition is filed with this Court within 90 days "after the notice of deficiency authorized in section 6212 is mailed."

Petitioners here ask us to determine that respondent is barred by the doctrine of res judicata because of our prior decision with respect to their fiscal year 1964 from asserting the deficiency in tax and addition to tax here in issue. In order to determine whether the doctrine of res judicata is applicable here, it is necessary that we have jurisdiction to make such a determination. Unless respondent's deficiency notice, which forms the basis of the petition in this case, is a valid notice under section 6212, this Court would lack jurisdiction to make any determination other than that the case be dismissed for lack of jurisdiction. Since it is clear that section 6212 authorizes respondent to issue a second notice of deficiency in the case of fraud even though a petition has been filed in this Court from a prior notice, in our view that second notice is a valid notice and when a petition has been filed from that notice we acquire jurisdiction over the case.

It would seem to follow that if we acquire jurisdiction over the case from the second notice of deficiency then a final decision in the prior case is not a bar to our redetermining the deficiency in the second case. The legislative history of section 274(f) of the Revenue Act of 1926, the predecessor of section 272(f) of the 1939 Code and section 6212 of the 1954 Code, clearly indicates that it was the intent of Congress that a second notice might be issued after a decision of this Court for the same year had been

---

[4] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 or 43 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

previously entered where fraud is discovered. Section 274(f) of the Revenue Act of 1926 provided:

If after the enactment of this Act the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subdivision (a), and the taxpayer files a petition with the Board within the time prescribed in such subdivision, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section or in subdivision (c) of section 279. If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered, for the purposes of this subdivision or of subdivision (a) of this section, or of subdivision (d) of section 284, as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subdivision (a) of this section.

In explaining this section, the Senate Finance Committee Report states:

But if he does elect to file a petition with the Board his entire tax liability for the year in question (except in case of fraud) is finally and completely settled by the decision of the Board when it has become final, whether the decision is by findings of fact and opinion, or by dismissal, as in case of lack of prosecution, insufficiency of evidence to sustain the petition, or on the taxpayer's own motion. The duty of the Commissioner to assess the deficiency thus determined is mandatory, and no matter how meritorious a claim for abatement of the assessment or for refund he can not entertain it, nor can suit be maintained against the United States or the collector. Finality is the end sought to be attained by these provisions of the bill, and the committee is convinced that to allow the reopening of the question of the tax for the year involved either by the taxpayer or by the Commissioner (save in the sole case of fraud) would be highly undesirable.

S. Rept. No. 52, 69th Cong., 1st Sess. (1926), 1939-1 (Part 2) C.B. 332, 351.

Section 274(e) of the Revenue Act of 1926, the predecessor of section 272(e) of the 1939 Code and section 6214(e) of the 1954 Code, provides:

The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

In explaining this section the Senate Finance Committee Report states:

Under the existing law and the House bill the 5 per cent and 50 per cent additions to the tax in case of negligence or fraud are to be assessed and collected in the same manner as if they were a deficiency, *i.e.,* can only be assessed after the taxpayer has been sent a notice by registered mail. It sometimes occurs that after the deficiency letter has been sent out *fraud* or negligence is for the first time discovered by the Commissioner. In order to avoid the necessity of sending out a second notice to the taxpayer in such cases and other similar cases, it is provided in section 274(e) that the Board shall have jurisdiction upon the appeal from the original deficiency letter to determine whether any penalty, additional amount, or addition to the tax should be assessed, whether or not the Commissioner has asserted such claim in the deficiency letter or in his pleadings. *If the fraud is discovered after the Board's decision, the Commissioner can send notice thereof, on which the taxpayer can appeal to the Board.* [Emphasis supplied.]

S. Rept. No. 52, 69th Cong., 1st Sess. (1926), 1939-1 (Part 2) C.B. 332, 353.

In light of this legislative history the reasonable interpretation of sections 6212(c) and 6213, read together, is that where fraud is discovered after a decision of this Court has become final, notice thereof may be sent to the taxpayer by the respondent and the taxpayer may petition for a redetermination of the deficiency by this Court and this Court may redetermine that deficiency including the asserted addition to tax for fraud.

Neither party has cited a case directly in point with the instant case. However, a Memorandum Opinion of this Court cited to us by petitioners to support their argument that respondent's proper procedure would be to file a motion to reopen the prior case indicates that respondent is justified in sending a second notice of deficiency and that this Court may properly redetermine the deficiency when a timely petition seeking such redetermination is filed.[5]

---

[5] In *Arthur A. Everts Co.,* docket No. 19125, the Memorandum to Accompany Order Granting Respondent's Motion for Leave to File Amendment to Answer, entered Aug. 12, 1949 [8 T.C.M. 707], recites that we had granted respondent's Motion for Special Leave to File Motion to Vacate a decision which had been entered 84 days prior to the date the motion to vacate was filed and respondent's motion to vacate. In that case we granted respondent's motion to amend answer to allege fraud even though petitioner had contended that the only proper procedure for respondent to follow was to issue a second notice of deficiency under sec. 272(f). In so doing, we stated (at p. 708):

"It is true, of course, that if we should deny respondent's motion to amend his answer and raise the new issues contained in his affirmative allegations, including fraud, he could issue a new deficiency notice as provided under section 272(f), but since the matter is now before us in its present form, we do not believe we should take the course which petitioner

In *Kiker v. Commissioner,* 218 F.2d 389 (4th Cir. 1955), affg. an order of this Court, the Circuit Court of Appeals, after holding that our order denying the taxpayer's motion to declare a second deficiency notice invalid is not reviewable under section 1141 of the Code, stated that if the order were reviewable it would affirm the order for, among others, the following reason (at p. 393):

> The deficiency notice of November 18, 1953, was not invalid under Section 272(f), I.R.C. That section specifically permits the determination of additional deficiencies "in the case of fraud". In this case fraud penalties were charged in both of the notices, and stipulated to be due by Joseph Kiker. Moreover, the notice of November 18, 1953, was addressed to both Mr. and Mrs. Kiker, whereas the original notice had been addressed to Joseph Kiker alone.

Considering the statutory provisions and their legislative history we conclude that respondent properly issued the second notice of deficiency and, a petition having been filed from that notice, we have jurisdiction to redetermine the deficiency even though previously we had entered a decision which had become final at the time the second notice of deficiency was issued. In our view the statutory provision authorizes a determination of a deficiency and addition to tax which, except for these provisions, respondent might be barred from asserting under the doctrine of res judicata.[6] Since there is no restriction placed in section 6212 on the exception to the sending of a second notice that it determine only addition to tax, we consider the exception to apply also to the determination of a deficiency where fraud has been discovered and conclude that respondent properly determined both the deficiency of $14,239.45 and an addition to tax for fraud.

Having determined that the notice is proper and places at issue before us the redetermination of both the deficiency and the addition to tax for fraud, it is necessary to consider petitioners' contention that the addition to tax should be limited to 50

suggests. We do not see where petitioner will be disadvantaged by our allowing respondent to amend his answer rather than of putting him to the necessity of issuing a new deficiency notice under section 272(f). If we allow respondent to amend his answer and affirmatively raise the issues which he seeks to raise, it will mean that the burden of proof will not only be upon respondent to prove fraud but he will also have the burden of proof to sustain the increased deficiencies which he seeks."

[6] We make no distinction because the decision here was pursuant to a stipulation of the parties. As was pointed out by the Supreme Court in *United States v. International Building Co.,* 345 U.S. 502, 506 (1953), with respect to decisions entered upon stipulations of the parties: "Certainly the judgments entered are *res judicata* of the tax claims for the years [in issue in the prior case], whether or not the basis of the agreements on which they rest reached the merits."

percent of the deficiency determined in the second notice of deficiency.

It has been held in numerous cases under the provisions of section 293(b) of the 1939 Code that the addition to tax for fraud is 50 percent of the difference in the taxpayer's correct tax liability and the tax shown on his return, even though prior to the assertion of the addition to tax for the year additional tax had been paid (1) subsequent to an audit of the taxpayer's return by the Internal Revenue Service, *Thomas J. McLaughlin,* 29 B.T.A. 247 (1933); (2) after an amended return had been filed reporting additional tax, *Maitland A. Wilson,* 7 T.C. 395 (1946); *George M. Still, Inc.,* 19 T.C. 1072, 1076-1077 (1953), and cases there cited, affd. per curiam 218 F.2d 639 (2d Cir. 1955); or (3) after taxpayer filed a so-called "delinquent return" after fraudulently failing to file a timely return, *Charles F. Bennett,* 30 T.C. 114, 122-123 (1958).

In *Herbert Eck,* 16 T.C. 511 (1951), we held that this Court had jurisdiction in a case where the petition was filed from a notice merely determining an addition to tax for fraud. In that case the payment at the time of filing an amended return when added to the amount paid with the original return exceeded the total tax due. We held that the addition to tax for fraud applied to the difference in the taxpayer's correct tax liability and the tax as shown on the original return. The Court, in *Cirillo v. Commissioner,* 314 F.2d 478 (3d Cir. 1963), affg. on this issue a Memorandum Opinion of this Court, held that even though the amount of tax withheld from a taxpayer's wages exceeded the amount of tax owed, the addition to tax for fraud was properly applied to the entire tax liability where the taxpayer fraudulently failed to file a tax return. In *P. C. Petterson,* 19 T.C. 486 (1952), we held that the original deficiency in income tax was the deficiency to which the addition to tax for fraud provided for in section 293(b) of the 1939 Code was applicable even though this deficiency was later reduced by a net operating loss carryback.

Petitioners apparently recognize that the many different circumstances under which we have held the addition to tax for fraud provided for in section 293(b) of the 1939 Code to be applicable to the difference in the taxpayer's correct tax liability and the tax shown on his original return would, if that section were applicable to this case, require the conclusion that the 50-percent addition to tax was correctly computed by respondent.

Petitioners, however, argue that there is a difference in the provisions for the addition to tax for fraud under section 6653(b) of the 1954 Code and the provisions for this addition under section 293(b) of the 1939 Code. The difference which petitioners stress in these sections is that section 6653(b) makes the 50-percent addition applicable to the "underpayment" in tax as defined in section 6653(c), whereas section 293(b) of the 1939 Code makes the 50-percent addition applicable to the deficiency. However, the definition of "underpayment" in section 6653(c) is with respect to income tax, a "deficiency" as defined in section 6211. In our view section 6653(b) is not different in substance from section 293(b). The definition of "deficiency" set forth in section 6211 with respect to income tax is in substance the same as the definition of "deficiency" set forth in section 271 of the 1939 Code except, as petitioners point out, section 6653(c) specifically states that, with respect to income tax for the purpose of the definition of "deficiency" set forth in section 6211(a)(1)(A), the tax shown on a return shall be taken into account only if such return is timely filed. In our view this statutory provision is merely a codification of the case law under the 1939 Code.

The case of *Papa v. Commissioner,* 464 F.2d 150 (2d Cir. 1972), revg. a Memorandum Opinion of this Court, holds that there is no substantive distinction in the provisions of section 6653(b) and those of section 293(b) of the 1939 Code. Petitioners recognize that the Circuit Court so held in the *Papa* case but argue that we should not follow the holding of the Circuit Court but should follow our holding in the Memorandum Opinion. In the *Papa* case the facts show that upon a routine audit of the taxpayer's return for the year 1954 a deficiency was calculated, assessed, and paid by the taxpayer. Thereafter the agents of the Internal Revenue Service discovered fraud with respect to the year 1954 and the respondent determined an additional deficiency in the notice determining the addition to tax for fraud. The Court discussed a number of the cases holding that the addition to tax for fraud under section 293(b) of the 1939 Code was applicable to the difference in the taxpayer's correct tax liability and the tax shown on his original return. The Circuit Court pointed out that the definition of "deficiency" as contained in section 271(a) of the 1939 Code had been held not to restrict the word "deficiency" to which the addition to tax for fraud under section 293(b) was applicable to the deficiency

existing when the addition to tax was determined. The Circuit Court then stated with respect to the provisions for an addition to tax for fraud and the definition of "deficiency" under the 1954 Code as follows (at p. 152):

Whether Congress intended to disturb the existing law in this particular when it passed the Internal Revenue Act of 1954 appears never to have been decided by a Court of Appeals, perhaps because it seems obvious that the statutory history indicates that Congress did not intend to affect the existing interpretation. Sections 293(b) and 271(a) of the 1939 Code were recodified as Sections 6653(b) and 6211(a), respectively, of the new 1954 Code. There are only minor textual differences between the corresponding sections, and the relevant Congressional Reports indicate plainly that no substantive change in the law relating to the fraud penalty was intended. We quote the relevant Committee Reports: "For all taxes for which returns are required, this section [6653(b)] prescribes additions to the tax, corresponding to those of existing law relating to the income tax, for underpayments of tax resulting from fraud (50 percent of the underpayment)." S.Rep. No. 1622, 83d Cong., 2d Sess., p. 591 (3 U.S.C.Cong. & Adm.News (1954) pp. 4621, 5241); H.Rep. No. 1337, 83d Cong., 2d Sess., p. A.419 (3d U.S.C.Cong. & Adm.News (1954) pp. 4017, 4567). It is stated in each report that Congress was making no material change from existing law through the enactment of the Section 6211 definition of a deficiency. See S.Rep. No. 1622, *supra,* 3 U.S.C.Cong. & Adm.News (1954) at p. 5222; H.Rep. No. 1337, *supra,* 3 U.S.C.Cong. & Adm.News (1954) at p. 4552. [Fn. ref. omitted.]

We agree with the conclusion reached by the Circuit Court of Appeals in *Papa v. Commissioner, supra.* In our view the conclusion reached by the Circuit Court in the *Papa* case is equally applicable in the instant case. In *Levinson v. United States,* 496 F. 2d 651 (3d Cir. 1974), a case with facts quite similar to those in the instant case, the court followed the holding of the Circuit Court in *Papa v. Commissioner.* In the *Levinson* case the initial deficiency had been determined and paid at the time of a routine audit of the taxpayers' original return. Since the deficiencies determined in the routine audit arose from items totally unconnected with the fraudulent items later discovered by respondent's agents, the taxpayer contended that the original deficiency he had paid should not be considered a deficiency to which the addition to tax for fraud applied. The Circuit Court pointed out the inequity of the taxpayers' position, stating (at p. 654):

Had there been only one deficiency assessed coupled with a finding that at least a part of the underpayment was due to fraud, then there would not have been any previously assessed deficiency for which taxpayers could claim a credit

under section 6211(a)(1)(B). The fraud penalty quite clearly would have been applied to the total underpayment, *i.e.,* the difference between the correct tax and the tax shown on the original timely filed return. It does not seem likely that Congress would have conditioned the severity of the fraud penalty on such a fortuity as whether or not a routine audit had been conducted prior to the assessment giving rise to the fraud charge.

We hold that respondent correctly computed the addition to Mr. Breman's tax for fraud by applying the 50-percent addition to the difference in petitioners' correct tax liability and the tax reported on petitioners' original return.

Our holding on this issue is in accordance with the holding in the Court-reviewed case of *Bennie F. Stewart,* 66 T.C. 54 (1976), filed this date.

*Decision will be entered for the respondent.*