T.C. Summary Opinion 2007-128

UNITED STATES TAX COURT

ZANE D. AND DEBBIE L. WORMAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4500-06S.                Filed July 26, 2007.

Zane D. and Debbie L. Worman, pro sese.

Michael W. Lloyd, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed June 1, 2007, and supplemented June 13, 2007. In his motion, respondent moves to dismiss this case for lack of jurisdiction principally on the ground that "no Notice of Determination Concerning Collection Actions Under Section 6320 and/or Section 6330, as authorized by I.R.C. § 6320 and required by I.R.C. § 6330(d) to form the basis for a petition to this Court, has been sent to petitioners with respect to taxable years 1995, 1998, 2002 and 2003". Respondent also moves to dismiss on the ground that "as to the IRS filed Notice of Federal Tax Lien which is attached to the petition, said lien was released on February 14, 2007, and the liability fully paid". For reasons discussed hereinafter, we shall grant respondent's motion, as supplemented, in that we shall dismiss this case for lack of jurisdiction on the ground that no notice of determination was sent to petitioners by respondent's Office of Appeals for any of the taxable years in issue.

## Background

At the time that the petition was filed, Zane D. Worman and Debbie L. Worman (petitioners) resided in Gillette, Wyoming.

For 1995, 1998, 2002, and 2003, the taxable years in issue, petitioners filed Federal income tax returns. Although

petitioners reported tax on those returns, petitioners did not enclose full payment with any of their returns.

Upon receipt of petitioners' returns, respondent assessed the tax reported thereon, as well as applicable penalties and statutory interest, and sent petitioners so-called statutory notices of balance due, i.e., notice and demand for payment. See sec. 6303(a). Petitioners did not immediately pay the outstanding liabilities.[2]

By letter dated February 16, 2006, respondent sent to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice). The lien notice referenced a notice of Federal tax lien filed by respondent with the Campbell County Clerk in Gillette, Wyoming, regarding petitioners' outstanding liabilities for 1995, 1998, 2002, and 2003.

The lien notice included the following statements:

> You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options. To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, Collection Appeal Rights.

> If you want to request a hearing, please complete the enclosed form 12153, Request for a Collection Due Process Hearing and mail it to:

---

[2] Subsequently, for 1995, respondent determined a modest deficiency in, and addition for late filing to, petitioners' income tax. Upon default of the notice of deficiency, respondent assessed the determined liability.

> Internal Revenue Service
> DP S-661A
> P.O. Box 1064
> Bensalem, PA 19020

> You must request your hearing by 03/20/2006.

> We'll issue a Certificate of Release of the Federal Tax
> Lien within 30 days after you pay the full amount owed.

Petitioners received the lien notice. However, they did not file with respondent a Form 12153, Request for a Collection Due Process Hearing, or a written equivalent. Rather, petitioners filed with this Court on March 3, 2006, a petition disagreeing "with the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 1995, 1998, 2002, [and] 2003, as set forth in such notice dated 2/16/2006".[3] As an exhibit to the petition, petitioners attached a copy of the lien notice, as well as a copy of the notice of Federal tax lien filed with the Campbell County Clerk in Gillette, Wyoming.

By notice dated January 19, 2007, this case was calendared for trial at the Court's trial session scheduled for June 22, 2007, in Cheyenne, Wyoming.

On February 26, 2007, respondent filed a Certificate of Release of Federal Tax Lien with the Campbell County Clerk in Gillette, Wyoming. The certificate of release recites that petitioners have satisfied the taxes and all statutory additions

---

[3] The petition arrived at the Court by Priority Mail in an envelope bearing a U.S. Postal Service postmark dated Feb. 27, 2006.

for 1995, 1998, 2002, and 2003 and that, as a consequence, "the lien provided by Code section 6321 * * * has been released."

On June 1, 2007, respondent filed his Motion To Dismiss For Lack Of Jurisdiction. By Order dated June 7, 2007, the Court calendared the motion for hearing at the June 22, 2007 Cheyenne, Wyoming trial session.[4] On June 13, 2007, respondent filed a Supplement to his motion.

## Discussion

The Tax Court is a court of limited jurisdiction. See sec. 7442. Accordingly, we may exercise jurisdiction only to the extent expressly authorized by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). In addition, jurisdiction must be proven affirmatively, and a party invoking our jurisdiction bears the burden of proving that we have jurisdiction over the party's case. See Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl. Comm. to Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957). In order to meet this burden, the party must establish affirmatively all facts giving rise to our jurisdiction. See Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, supra at 180; Consol. Co. v. Commissioner, 15 B.T.A. 645, 651 (1929).

---

[4] Telephone conference calls with the parties were conducted prior to the scheduled hearing.

The Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, was enacted into law on July 22, 1998. RRA 1998 section 3401, 112 Stat. 746, grants this Court jurisdiction to review the Commissioner's determination as to the propriety of filing a notice of Federal tax lien under section 6320 or a proposed levy on property under section 6330.

In a collection review action, this Court's jurisdiction under sections 6320 and 6330 depends, in part, on the issuance of a notice of determination by the Commissioner Office of Appeals after the taxpayer has requested an administrative hearing following the issuance by the Commissioner's collection division of either a final notice of intent to levy, see sec. 6330(a), or a notice of filing of Federal tax lien, see sec. 6320(a). See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).

Petitioners received the lien notice in February 2006, but they never requested an administrative hearing by filing with respondent a Form 12153 or an equivalent written request. Instead, they responded to the lien notice by filing a petition with this Court. Thus, because petitioners never requested an administrative hearing as mandated by section 6320, respondent's Office of Appeals had no occasion to, and therefore did not, issue a notice of determination. In short, the petition in this

case was filed in response to the lien notice and not in response to a notice of determination as mandated by statute. Therefore, we may not, as we lack jurisdiction, address the propriety of the filing of the lien in this case.

The foregoing is dispositive of the matter before us. However, even if petitioners had filed with the Court a petition appealing from a notice of determination issued by respondent's Office of Appeals following a timely request for an administrative hearing, we would still be obliged to grant respondent's motion, as supplemented, and dismiss this case. Thus, in Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006), the Court held: (1) The taxpayer's challenges to the Commissioner's collection action (a proposed levy) were moot because there was no unpaid tax liability upon which a levy could be based and the Commissioner would not take any further collection action; (2) this Court lacks jurisdiction in a lien or levy case (collection review case) to determine an overpayment or to order a refund or credit of taxes; and (3) the taxpayer's case should be dismissed as moot.

In the present case, petitioners' unpaid assessed liability is zero for each of the 4 years in issue. Although a few cents of accrued interest may remain for 1998 and 2003, respondent's counsel has represented that respondent has, as a matter of policy, written off such amounts as de minimis and does not seek to collect them. This representation is confirmed by the fact

that in February 2007, respondent filed with the Campbell County Clerk in Gillette, Wyoming, a Certificate of Release of Federal Tax Lien reciting that petitioners had satisfied the taxes and "all statutory additions" for 1995, 1998, 2002, and 2003.

Finally, we note that if petitioners think that they have overpaid their liability for any of the years in issue, then petitioners may have a judicial remedy in the form of a civil action for refund in the appropriate U.S. District Court or the U.S. Court of Federal Claims. See sec. 7422; see also 28 U.S.C. secs. 1346(a)(1), 1402(a).[5] Because such actions are governed by strict procedural rules, petitioners may care to consult a competent tax professional familiar with such matters.

---

[5] Civil actions for refund under sec. 7422 are not cognizable in the Tax Court. Indeed, our jurisdiction to even determine overpayments is narrowly circumscribed. E.g., sec. 6512(b)(1).

To give effect to the foregoing,

<u>An order granting</u>
<u>respondent's motion, as</u>
<u>supplemented, will be entered</u>
<u>dismissing this case for lack</u>
<u>of jurisdiction on the ground</u>
<u>that no notice of determination was</u>
<u>sent to petitioners by respondent's</u>
<u>Office of Appeals for any of</u>
<u>the taxable years in issue.</u>