T.C. Summary Opinion 2010-81


UNITED STATES TAX COURT


LAURENCE L. GRABOWSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 28321-08S.                  Filed June 23, 2010.


Laurence L. Grabowski, pro se.

<u>Steven W. LaBounty</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.

The petition in this case arises from an Appeals officer's issuance of a notice of determination allowing the Internal Revenue Service (IRS) to proceed with collection by levy of petitioner's unpaid assessed 1998 Federal income tax liability. The matter is presently before the Court on respondent's motion for summary judgment. The case was called at a scheduled hearing and trial session of the Court in St. Louis, Missouri, where respondent's counsel appeared and was heard. Petitioner was not present. Petitioner timely faxed a written response to the motion, which the Court accepted and filed.

## Background

The Court previously decided the merits of petitioner's underlying 1998 Federal income tax liability in Grabowski v. Commissioner, T.C. Summary Opinion 2007-74. There, the Court sustained in full respondent's determination of a $25,643 deficiency in petitioner's Federal income tax for 1998. The Court entered its decision on May 18, 2007.

The IRS subsequently assessed the deficiency on September 24, 2007. As of December 1, 2008, the unpaid balance, including accrued interest and an addition to tax for late payment, totaled $48,396.

In an attempt to collect the unpaid income tax liability, respondent issued a notice of intent to levy dated March 31, 2008. In response, petitioner timely submitted to the IRS a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioner did not propose a collection alternative on the Form 12153. At the request of Larry R. Marshall, attorney-in-fact for petitioner, the IRS transferred the case to the St. Louis, Missouri, Appeals Office.

Settlement Officer Sheila Jenkins sent a letter to petitioner with a copy to Mr. Marshall acknowledging receipt of petitioner's request and scheduling a face-to-face collection hearing for September 9, 2008. Officer Jenkins' letter stated that she had to consider whether the IRS had met all requirements of any applicable law or administrative procedure and any nonfrivolous issue petitioner wished to discuss such as collection alternatives and challenges to the appropriateness of the collection action.

Her letter continued by stating that she could consider the underlying liability only if petitioner had not otherwise had an opportunity to dispute the liability or had not received a notice of deficiency. Further, her letter emphasized that before she could consider alternative collection methods such as an installment agreement or an offer-in-compromise, petitioner was required to send a completed Form 433-A, Collection Information

Statement for Wage Earners and Self-Employed Individuals, a copy of his signed tax return for 2007, proof of estimated tax payments for 2007 and 2008, 6 months of current bank statements, and 2 months of current pay stubs. The letter stated further that she could not consider collection alternatives unless petitioner was currently in compliance with Federal income tax laws.

Neither petitioner nor Mr. Marshall appeared at the September 9, 2008, collection hearing. However, on September 23, 2008, Mr. Marshall called Officer Jenkins and left a voice message stating that the reason petitioner was unable to attend was that petitioner had been experiencing some family problems and illness. Officer Jenkins returned the call reminding Mr. Marshall that she had not received a completed Form 433-A and the related information she had requested. Officer Jenkins also informed Mr. Marshall that she would extend the deadline for petitioner's submission of Form 433-A and related documents to September 30, 2008.

Petitioner provided a Form 433-A, dated October 1, 2008, together with various financial information. However, petitioner did not provide all of the information Officer Jenkins had requested, and petitioner did not provide a copy of his 2007 Federal income tax return. In addition, petitioner did not make his estimated tax payments for 2007 and 2008.

Officer Jenkins reviewed the documents that petitioner provided. On the Form 433-A, petitioner listed $5.2 million in net equity in real property. Officer Jenkins concluded that petitioner had sufficient equity to satisfy his entire unpaid Federal income tax liability for 1998. Petitioner did not propose a collection alternative at the time he submitted the Form 433-A.

Officer Jenkins scheduled a conference call for October 7, 2008, to discuss the information that petitioner had provided. Neither petitioner nor Mr. Marshall responded to the conference call. Consequently, Officer Jenkins made a determination to sustain the levy on the basis of the information in the administrative case file.

### Discussion

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v.

Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  In this case there is no dispute about any material fact, and, accordingly, the issues may be decided on the basis of a summary judgment motion.

If a taxpayer neglects or refuses to pay a Federal income tax liability within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy upon the person's property.  Sec. 6331(a).  The Commissioner generally must provide the taxpayer written notice of the right to a hearing before the levy is made.  Sec. 6330(a).  Upon a timely request, the taxpayer is entitled to an administrative hearing before an impartial officer or employee of the Appeals Office.  Sec. 6330(b).  Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

The Tax Court is a court of limited jurisdiction, and the Court may exercise jurisdiction only to the extent expressly authorized by Congress.  Breman v. Commissioner, 66 T.C. 61, 66 (1976).  We review under an abuse of discretion standard when the underlying tax liability is not in issue.  Goza v. Commissioner,

114 T.C. 176, 182 (2000). Under the abuse of discretion standard, petitioner is required to show that respondent's actions were arbitrary, capricious, or without sound basis in fact. See Knorr v. Commissioner, T.C. Memo. 2004-212. We will now apply the law to the present facts and circumstances.

Petitioner had a full opportunity to dispute his underlying Federal income tax liability for 1998 in his previous case, Grabowski v. Commissioner, T.C. Summary Opinion 2007-74. Essentially, here as there petitioner asserts that he would be able to eliminate his entire 1998 Federal income tax liability if only he had access to books and records that his brother controls with respect to certain joint businesses. In his prior case the Court held in favor of respondent. Accordingly, petitioner is not entitled to contest again the underlying liability in this collection action.

The Commissioner may properly decline to consider a collection alternative solely on the ground that the taxpayer is not currently in compliance with Federal tax laws. Londono v. Commissioner, T.C. Memo. 2003-99. Petitioner was not currently in compliance with filing his 2007 Federal income tax return, and he failed to make estimated Federal income tax payments for 2007 and 2008. Moreover, petitioner failed to provide all of the information the Appeals officer requested, petitioner had

sufficient equity to pay his 1998 Federal income tax liability, and he failed to offer a collection alternative.

Thus, for all of these reasons, with no material facts in dispute and viewing the facts in a light most favorable to petitioner, the party opposing the summary judgment motion, we hold that the Appeals officer's determination to sustain the proposed levy was not an abuse of discretion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.