JEROME JULIUS BROWN, SR., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Brown v. Comm'r
Docket No. 28061-13.
United States Tax Court
2014 U.S. Tax Ct. LEXIS 52; April 17, 2014, Entered
*52 Jerome Julius Brown Sr., Primary Petitioner, Pro se.
For Commissioner of Internal Revenue, Respondent: Michele Ann Yates, Washington, DC.
Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On December 2, 2013, a petition was filed to commence this case. The petition sets forth the years 1995, 1996, 2001, 2002, and 2003 as the years at issue. On December 6, 2013, petitioner filed an amendment to petition. Among other things, in his petition, as amended, petitioner asserts that respondent and/or IRS employees took criminal/fraudulent actions against petitioner for those years. No notice of deficiency or other notice sufficient to establish the Court's jurisdiction was attached to that petition, as amended.
On January 31, 2014, respondent filed a Motion to Dismiss for Lack of Jurisdiction. On February 25, 2014, respondent filed a First Supplement to his motion to dismiss. In his motion to dismiss, as supplemented, respondent seeks to dismiss this case for lack of jurisdiction on the ground that no notice of deficiency or other notice of determination was sent to petitioner for taxable years 1995, 1996, 2001, 2002, and 2003 that would confer jurisdiction *53 on this Court. Although the Court directed petitioner to file an objection, if any, to the motion to dismiss, as supplemented, petitioner failed to do so.
This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976). The function of the Tax Court is to decide federal tax matters in cases begun by taxpayers who have been issued a Notice by the Internal Revenue Service informing them of their right to file a petition with this Court. This Court has only such jurisdiction as provided by Congress, and it lacks jurisdiction as to petitioner's alleged criminal/tort claims concerning IRS employees or officials. See Chappell v. Commissioner, T.C. Memo. 2001-146 at *9.
The records of the Court show that Mr. Brown has filed four other petitions with the Court (docket Nos. 4490-10L, 4782-10, 9962-10, and 19322-12) on February 19, 2010, February 23, 2010, May 2, 2010, and July 30, 2012, respectively. None of his petitions in those four prior cases, as with the petition, as amended, in this case, have been accompanied by a notice of deficiency or other notice of determination sufficient to establish the Court's jurisdiction. The petition, at docket No. 19322-12, sets forth the *54 years 1995, 1996, 2001, 2002, and 2003. The cases at docket Nos. 4490-10L, 4782-10, 9962-10, and 19322-12 were each dismissed for lack of jurisdiction on the ground no notice of determination or other notice sufficient to confer jurisdiction on this Court was sent to petitioner.
Rule 34 (b) (8), Tax Court Rules of Practice and Procedure, provides that a copy of the notice of deficiency or liability shall be appended to the petition. Similarly, Rule 331(b) (8) provides that a copy of the notice of determination be appended to a petition for lien or levy action. The repeated filing of petitions by Mr. Brown for which there is no jurisdictional basis is an inappropriate use of the limited resources of this Court.
The foregoing considered, it is
ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction, as supplemented, is granted and this case is dismissed for lack of jurisdiction.
(Signed) Michael B. Thornton
Chief Judge
ENTERED: APR172014