DARRYL OLIVER, Petitioner(s), v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oliver v. Comm'r
Docket No. 7697-15.
United States Tax Court
2015 U.S. Tax Ct. LEXIS 57; August 5, 2015, Decided
*57 Andrew K. Glover, Respondent, Pro se, Washington, DC.
Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On March 20, 2015, petitioner filed a petition with this Court disputing a tax return preparer penalty imposed against him. Petitioner attached, among other things, a copy of Internal Revenue Service (IRS) Letter 1125, Preparer Penalty 30-Day Letter, issued by respondent with respect to tax return preparer penalties imposed against petitioner.
On May 15, 2015, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that no notice of deficiency or other notice sufficient to confer jurisdiction upon the Court was issued to petitioner. In support of the motion, respondent states that on the basis of a diligent search of respondent's records, respondent has determined that no notice of deficiency or any other notice of determination that would confer jurisdiction upon this Court has been issued to petitioner. On June 7, 2015, petitioner filed an Objection to Motion to Dismiss for Lack of Jurisdiction. On July 22, 2015, he filed a First Supplement thereto.
Petitioner acknowledges that he was not issued a notice of deficiency. *58 In his objection, as supplemented, petitioner contends that he received a notice of determination from the IRS on February 16, 2015. Petitioner attached to the objection, as supplemented, a copy of an IRS Notice CP15, Notice of Penalty Charge, dated February 16, 2015, and copies of IRS Notice CP71C, Reminder of Overdue Taxes, for tax years 2010, 2011, and 2012. None of these documents confer jurisdiction upon this Court.
Petitioner disagreement with the IRS stems from the assessment of penalties under section 6694, I.R.C.Section 6696(b), I.R.C., provides that the deficiency procedures do not apply with respect to the assessment or collection of the penalties provided by I.R.C. sections 6694.
This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). In the motion to dismiss, respondent avers that no notice sufficient to confer jurisdiction upon this Court has been sent to petitioner, and petitioner has produced none. Accordingly, we are obliged to grant respondent's motion and dismiss this case for lack of jurisdiction.
Upon due consideration, it is
ORDERED that respondent's Motion to Dismiss for lack of Jurisdiction is granted, and this case is dismissed for lack of jurisdiction. *59 /s/ Michael B. Thornton
Chief Judge
ENTERED: AUG 05 2015