# United States Tax Court

161 T.C. No. 13

MADIODIO SALL,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 26815-22.                    Filed November 30, 2023.

————

R issued a notice of deficiency to P. The deadline to file a petition fell on Thanksgiving Day, a federal holiday. The following day, the Court was administratively closed. Within 14 days after the Court reopened, the Court received a Petition from P. R moved to dismiss this case for lack of jurisdiction.

If a filing location is inaccessible on the date a petition is due, the period for filing a petition is tolled for the number of days within the period of inaccessibility plus 14 days. I.R.C. § 7451(b).

*Held*: When there is a full-day closure of the courthouse in which the Clerk's office is located, I.R.C. § 7451(b) applies to extend the deadline within which to file a petition.

*Held, further*, P's Petition, having been filed within 14 days after the period of inaccessibility, is timely.

*Held, further*, R's Motion to Dismiss for Lack of Jurisdiction will be denied.

————

**Served 11/30/23**

Madiodio Sall, pro se.

*Andrew J. Davis*, for respondent.


OPINION

BUCH, *Judge*: This case presents the Court's first opportunity to apply section 7451(b).[1]

*Background*

The Commissioner issued a notice of deficiency to Madiodio Sall and Ramatoulaye Fall for 2017 and 2018. The notice of deficiency was dated August 25, 2022. Although the notice was dated on the 25th, the Commissioner sent it by certified mail on August 26, 2022. The 90th day after August 26, 2022, was Thursday, November 24, 2022, Thanksgiving Day. The face of the notice of deficiency stated that the "Last day to file petition with US tax court" was Friday, November 25, 2022, the day after Thanksgiving. On that day the Court was administratively closed. The Court's electronic filing system was operational and accessible at all relevant times.

While residing in Colorado, Mr. Sall mailed his Petition to the Court on Monday, November 28, 2022. The Court received Mr. Sall's Petition on Thursday, December 1, 2022, and filed it that same day.

The Commissioner filed a Motion to Dismiss for Lack of Jurisdiction. In his Motion the Commissioner states that the filing deadline was November 25, 2022. He argues that we lack jurisdiction over this case because Mr. Sall did not mail his Petition until after the filing deadline had passed, and thus the Petition was untimely. In his Motion the Commissioner recites that Mr. Sall's representative (who is not counsel of record) has indicated that Mr. Sall does not object to the granting of the Commissioner's Motion; thus we did not order a response from petitioner.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

*Discussion*

Like other federal courts, the Tax Court is a court of limited jurisdiction. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). And we may exercise our jurisdiction only to the extent expressly provided by statute. *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). Of course, we have jurisdiction to determine whether we have jurisdiction over a particular case. *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984). Jurisdiction must be affirmatively shown, and the party invoking our jurisdiction has the burden of proving that we have jurisdiction. *David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001). Regardless of the parties' views as to our jurisdiction, it is the Court, not the parties, that must determine whether we have jurisdiction. *Charlotte's Off. Boutique, Inc. v. Commissioner*, 121 T.C. 89, 102 (2003) ("Where, as here, the parties agree that we lack jurisdiction, that agreement is not dispositive . . . ."), *aff'd*, 425 F.3d 1203 (9th Cir. 2005).

A taxpayer seeking to invoke our jurisdiction in a deficiency case generally must file a petition challenging a notice of deficiency within 90 days of the Commissioner's mailing of the notice. I.R.C. § 6213(a). This filing deadline is jurisdictional, and equitable tolling does not apply. *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 166–67 (2022).

Several rules may operate to extend the deadline to file a petition. For example, if the filing deadline falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday. I.R.C. § 7503. If the Commissioner sets forth on a notice of deficiency a "[l]ast day to file petition with US tax court" that is later than the 90th day, then the due date is extended to that later date. I.R.C. § 6213(a).

Using either of these rules, and ignoring any other circumstances, Mr. Sall's deadline for filing a petition would have fallen on Friday, November 25, 2022. The 90th day after the Commissioner mailed the notice of deficiency was Thanksgiving Day, a legal holiday. Section 7503 operates to automatically extend the due date to the next day that is not a Saturday, Sunday, or legal holiday. In this case the resulting deadline would be Friday, November 25, 2022. But we need not resort to section 7503, because the face of the notice of deficiency listed November 25, 2022, as the last day to petition the Court.

There is a further extension if a filing location is inaccessible. In 2021 Congress added section 7451(b) to the Code. Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, § 80503, 135 Stat. 429, 1336 (2021). This provision extends the deadline for filing a petition if "a filing location is inaccessible or otherwise unavailable to the general public on the date a petition is due." I.R.C. § 7451(b)(1). The term "filing location" includes the office of the clerk of the Tax Court, which is at the Court's Washington, D.C., courthouse. I.R.C. § 7451(b)(2)(A). Section 7451(b) operates by tolling the period within which to file a petition. That period is tolled by "the number of days within the period of inaccessibility plus an additional 14 days." I.R.C. § 7451(b)(1).

Because a filing location was inaccessible, Mr. Sall's Petition was timely. The Petition was due to be filed on Friday, November 25, 2022. The Tax Court building in Washington, D.C., which houses the office of the clerk of the Court, was closed that day. Thus, a filing location was inaccessible that day; the availability of the Court's electronic filing system is immaterial. The period of inaccessibility was one day. Adding that one day to the additional 14-day tolling period required by section 7451(b)(1) results in extending Mr. Sall's petition deadline by 15 days from the original due date of his Petition. This shifts the petition due date to no earlier than December 10, 2022. Because that day was a Saturday, the petition deadline shifted even further, to Monday, December 12, 2022. The Court received Mr. Sall's Petition on December 1, 2022, i.e., before that filing deadline. Thus, his Petition was timely.

## *Conclusion*

Mr. Sall's Petition was due to be filed on a day that the filing location was inaccessible, resulting in an extension of the filing deadline. Because he filed his Petition before the extended deadline, we must deny the Commissioner's Motion to Dismiss for Lack of Jurisdiction.

*An appropriate order will be issued.*