# United States Tax Court

T.C. Memo. 2025-4

DEBRA REED AND TIMOTHY REED,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10178-23L.                    Filed January 16, 2025.

————

Debra Reed and Timothy Reed, pro sese.

*Michael Skeen*, *Trent D. Usitalo*, and *John M. Duddles*, for respondent.

## MEMORANDUM OPINION

WAY, *Judge*: Currently before the Court is respondent's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted.[1] The Motion is addressed to the sole remaining issue in the case—whether this Court has authority to review an apparently untimely Petition filed pursuant to section 6330(d)(1),[2] relating to a determination by the Internal Revenue Service (IRS or respondent) to sustain a notice of intent to levy. Respondent contends that the Petition is untimely because it was filed after the expiration of the 30-day filing period specified in section 6330(d)(1) and petitioners have alleged insufficient facts to entitle them to an "equitable tolling" of the deadline. Agreeing with respondent, the Court will grant the Motion.

---

[1] The Motion was originally filed as a Motion for Summary Judgment but was recharacterized by the Court.

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                    *Background*

The following facts are drawn from the parties' pleadings, respondent's Motion, petitioners' Response to the Motion, the administrative record of the CDP proceeding, and statements made by the parties at an October 7, 2024, hearing on the Motion. These facts are stated solely for purposes of deciding respondent's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioners resided in California when they petitioned this Court.[3]

Petitioners have an unpaid federal income tax liability for 2015 that totaled $1,866.37 as of April 2018. To collect that liability, the IRS levied on petitioners' state tax refund and advised petitioners in April 2018 of their right to a collection due process (CDP) hearing. Petitioners requested such a hearing on April 9, 2018, and were heard.

On October 6, 2018, during the CDP administrative process, the IRS Office of Appeals[4] (Appeals) verified petitioners' claim of identity theft with regard to the 2012 taxable year. However, Appeals was unable to make a determination regarding an identity theft issue for the taxable year of 2015. Moreover, petitioners provided copies of their 2015 Forms W–2, Wage and Tax Statement, to Appeals, and the figures on them matched the figures used in processing petitioners' 2015 tax return. According to the administrative record, petitioners failed to provide their 2015 tax return, an affidavit on Form 14039, Identity Theft Affidavit, and their financial information on Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to Appeals, and failed to request a collection alternative. Ultimately, on April 25, 2019, the IRS issued a Notice of Determination that sustained the levy. That Notice advised petitioners that they had 30 days to file a petition with this Court.

Petitioners filed their Petition on June 26, 2023, more than four years after the Commissioner issued the Notice of Determination. Petitioners made multiple statements that might elucidate their delay in filing their Petition outside of the 30-day deadline from the date of

---

[3] Thus, absent stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Ninth Circuit. § 7482(b)(1)(A), (2).

[4] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We use the office's name at the times relevant to this case, i.e., the Office of Appeals or Appeals.

[*3] the Notice of Determination. These statements include allegations of longstanding IRS accounting errors stemming from petitioner Debra Reed's being an identity theft victim in 2012 and the failure of the IRS to credit garnished amounts against taxes owed. Notably, petitioners provided a copy of a letter from the U.S. Department of Justice (DOJ) substantiating their identity theft claim. On April 7, 2016, the DOJ stated that a criminal defendant operated a Stolen Identity Refund Fraud scheme between 2010 and 2015 in which petitioner Deborah Reed's identity was stolen. None of the statements—accounting errors, credit for garnished wages, or identity theft—indicates any continuing impairments or special circumstances between April 2019 and June 2023.

*Discussion*

This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. § 7442; *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). In the normal course, under section 6330(d)(1), a taxpayer may petition this Court to review a notice of determination concerning a collection action under section 6320 or 6330 within 30 days of such a determination.

The 30-day deadline for filing such a petition is a procedural requirement that is not jurisdictional. *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022).[5] Thus, this Court has the authority to consider a late-filed petition in a CDP case where the Commissioner raised the issue of timeliness, provided that the taxpayer shows an entitlement to equitable tolling. *Id.* at 1496; *see also Shaw v. Commissioner*, T.C. Memo. 2024-48, at *3–4.[6] To be entitled to equitable tolling, a taxpayer must establish that they pursued their rights diligently and that extraordinary circumstances outside their control prevented them from

---

[5] Congress conferred unconditional jurisdiction under section 6330(d)(1) on this Court for claims relating to collection activities. *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1489–90. For a limitation to be jurisdictional, Congress must clearly state a condition-precedent that serves to confer jurisdiction; otherwise, the statute's jurisdiction is not conditional. No such condition exists under section 6330(d)(1). *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1489–90; *see also Belagio Fine Jewelry, Inc. v. Commissioner*, No. 35762-21, 162 T.C. (June 25, 2024) (describing claim-processing rules subject to equitable tolling).

[6] The failure to meet a deadline by a taxpayer potentially eligible for equitable tolling does not result in a lack of jurisdiction but rather risks dismissal for failure to state a claim upon which relief can be granted. *See Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 131–32 (2022).

[*4] filing on time. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016).

The record shows that the Petition was not timely filed. The Notice of Determination was issued on April 25, 2019. The 30-day period prescribed by section 6330(d)(1) thus expired on May 28, 2019, after accounting for the weekend and the federal holiday of Memorial Day. The Petition was filed on June 26, 2023, more than four years after the deadline.

Although not stated succinctly, petitioners' position is essentially that they were prevented from making a timely Petition because they were victims of identity theft.[7] However, the identity theft occurred in 2012, the DOJ notified petitioners in 2016, and Appeals considered and verified the identity theft in its CDP hearing in 2018 before issuing a Notice of Determination in 2019. Thus, the critical facts which might provide a basis for tolling the limitations period occurred many years before respondent issued the Notice of Determination. Furthermore, the timing of these events does not lend support or provide a basis for the four-year delay between the date of the Notice of Determination and the date petitioners decided to petition this Court. In sum, petitioners failed to establish that the identity theft affected the 2015 taxable year or to establish a causal link to the untimeliness of their late-filed Petition.

Given different facts, it may be that identity theft establishes a causal link to clear the high bar needed to establish equitable tolling. However, for petitioners, these facts are simply not present. Accordingly, petitioners failed to file their Petition within the statutorily prescribed period and did not establish grounds to equitably toll the limitations period.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[7] Under Rule 31(d), all pleadings are to be construed so as to do justice. For a pro se litigant, all filings made are to be "liberally" construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see Adams v. Commissioner*, 160 T.C. 1, 9 (2023), *aff'd*, 122 F.4th 429 (D.C. Cir. 2024).