T.C. Memo. 2010-181

UNITED STATES TAX COURT

JOSE DE JESUS MARTINEZ AND EVANGELINA MARTINEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19209-08L.                    Filed August 10, 2010.

Ralph C. McBride, for petitioners.

Kristen Nygren, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  The petition in this case
was filed in response to a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and/or 6330.  This case
is before the Court on respondent's motion for summary judgment
as supplemented, requesting an adjudication that respondent's
determination to sustain a levy on petitioners' assets to collect

their unpaid Federal income tax liabilities for 2002, 2003, and 2004 was not an abuse of discretion. Unless otherwise indicated all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners resided in Georgia at the time they filed their petition. They timely filed joint Federal income tax returns for 2002, 2003, and 2004. The Internal Revenue Service (IRS) subsequently examined the returns. As a result, the IRS mailed to each petitioner duplicate joint notices of deficiency dated April 4, 2007, determining Federal income tax deficiencies of $122,055, $76,881, $78,355, and civil fraud penalties under section 6663 of $91,541.25, $57,660.75, and $57,603 for 2002, 2003, and 2004, respectively. The IRS mailed the deficiency notices by certified mail to petitioners' residence in Georgia, which is the same address listed on their petition. Petitioners did not file a petition with the Court in response to the notices of deficiency; therefore, on August 20, 2007, the IRS assessed the income tax deficiencies and fraud penalties as set forth in the notices of deficiency, plus statutory interest.

On November 12, 2007, respondent sent petitioners a notice of intent to levy and right to a hearing under section 6330 with respect to petitioners' unpaid income tax liabilities for 2002,

2003, and 2004. In response petitioners' attorney, Ralph C. McBride, filed on petitioners' behalf a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 Mr. McBride stated that petitioners disagreed with the levy and that they proposed as a collection alternative an offer-in-compromise on the ground that "WE ARE PRESENTLY WORKING WITH IRS THROUGH MRS. TODD. SEE COPY OF COVER LTR SENT BY CERTIFIED MAIL #7007-0220-003-2024-4676". Apparently, Mr. McBride was attempting to resolve the underlying liability issues with Ms. Todd, the IRS auditor in Holtsville, New York. The IRS referred petitioners' request for a collection hearing to Dan Kelly, a tax examining technician. Because Mr. McBride was unable to resolve the matter with Ms. Todd, he requested that the IRS refer the matter to an Appeals officer. The IRS subsequently assigned the case to Settlement Officer Shirley J. Rivers in the Memphis, Tennessee, Appeals Office. On February 20, 2008, Mr. McBride called Ms. Rivers and requested a face-to-face hearing with her or someone at a local IRS office.

The IRS complied by reassigning the case to Settlement Officer T.W. Duvall in the Atlanta, Georgia, Appeals Office. Settlement Officer Duvall sent a letter dated March 28, 2008, to petitioners with a copy to Mr. McBride, acknowledging receipt of their request for a collection hearing and scheduling a telephone conference for May 20, 2008. Mr. Duvall's letter stated that he

had to consider whether the IRS met all requirements of any applicable law or administrative procedure, and any nonfrivolous issue petitioners wished to discuss such as collection alternatives and challenges to the appropriateness of the collection action.

The letter contained language stating that he could consider the underlying tax liability only if petitioners had not otherwise had an opportunity to dispute the liability with Appeals or did not receive a notice of deficiency. Mr. Duvall stated that in petitioners' case, because they had previously had an opportunity to dispute the liability, they are precluded from raising their liability again as an issue. Further, he emphasized that before he could consider alternative collection methods such as an installment agreement or an offer-in-compromise, petitioners had to send a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, a Form 433-B, Collection Information Statement for Businesses, with all required attachments, and a credit report. Similarly, Mr. Duvall wrote that he could not consider collection alternatives unless petitioners were currently in compliance with Federal income tax laws.

On May 20, 2008, the date of the scheduled telephone conference, Mr. McBride called Mr. Duvall and stated that on petitioners' behalf, he had filed a petition with the Tax Court

(presumably for 2002, 2003, and 2004) and would like to discuss the underlying income tax liabilities and/or collection alternatives.  Mr. Duvall replied that he was unable to discuss any of the underlying adjustments that resulted in the assessed taxes.  Further, Mr. Duvall told Mr. McBride that petitioners still needed to submit a completed Form 433-A with all the required attachments and a credit report before he could consider an offer-in-compromise.  After the telephone conference Mr. Duvall checked the Tax Court Web site to see whether petitioners had filed a petition and found no record of a petition filed by them.

On June 12, 2008, Mr. McBride provided Mr. Duvall with petitioners' financial information and a Form 656-L, Offer In Compromise (Doubt as to Liability), for petitioners' Federal income tax liabilities for 2002, 2003, and 2004.  Mr. Duvall reviewed the financial information petitioners submitted and determined that they had over $400,000 of net equity in assets that they could use to pay the outstanding liabilities.  On July 9, 2008, Mr. McBride submitted some additional financial information, but he did not propose any new collection alternatives.

After completing its review of the case, the Appeals office mailed petitioners a notice of determination dated July 11, 2008, sustaining the proposed levy action.  In response, petitioners

filed a petition on August 6, 2008, stating that they disagreed with the IRS determination because:  "The conclusions reached by the examiner are not supported by evidence.  Supporting documentation submitted by taxpayer and the return preparer were ignored by the examiner."

## Discussion

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).  The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  Since petitioners did not present any facts and acknowledged certain facts respondent alleged in his motion, we rely on respondent's version of the facts.  We conclude that there is no dispute about any material fact and, accordingly, the issue may be decided on the basis of a summary judgment motion.

If a taxpayer neglects or refuses to pay a Federal income tax liability within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy upon the person's property. Sec. 6331(a). The Commissioner generally must provide the taxpayer written notice of the right to a hearing before the levy is made. Sec. 6330(a). Upon a timely request, the taxpayer is entitled to an administrative hearing before an impartial officer or employee of the Appeals Office. Sec. 6330(b).

At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives such as an offer-in-compromise. Sec. 6330(c)(2)(A). A taxpayer may contest the validity of the underlying tax liability, but only if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B); see also Hoyle v. Commissioner, 131 T.C. 197, 199 (2008).

Following the hearing the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

The Tax Court is a court of limited jurisdiction, and the Court may exercise jurisdiction only to the extent expressly authorized by Congress. Breman v. Commissioner, 66 T.C. 61, 66 (1976). We review a collection determination under an abuse of discretion standard when the underlying tax liability is not in issue. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Under the abuse of discretion standard, petitioners are required to show that respondent's actions were arbitrary, capricious, or without sound basis in fact. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). We will now apply the law to the present facts and circumstances.

The only issue petitioners raise in the petition is their disagreement with the Appeals office's determination precluding them from contesting the validity of the underlying tax liabilities at the collection hearing. Furthermore, an offer-in-compromise based on doubt as to liability is likewise precluded if section 6330(c)(2)(B) applies. Baltic v. Commissioner, 129 T.C. 178, 183 (2007).

In analyzing this matter, we note at the outset that the Appeals officer complied with all of the procedural requirements before and after the collection hearing. Furthermore, petitioners failed to provide all of the information the Appeals officer requested and did not provide a serious collection alternative.

Mr. McBride argues that petitioners filed a petition with the Court in response to the April 4, 2007, duplicate notices of deficiency, but for some unexplained reason it was not filed by the Court. To prove his contention, Mr. McBride provided a copy of a certified mail receipt showing that the Court received a document. However, the date stamped on the receipt is August 8, 2008, the same date the Court filed the petition in this case. Clearly the receipt does not support Mr. McBride's assertion that the certified mail receipt is proof that the document received by the Court on August 8, 2008, was a petition contesting the deficiency notices dated April 4, 2007.

Similarly, the Court received two other pieces of evidence from Mr. McBride through which he intended to prove that petitioners had filed a petition in response to the notices of deficiency: (1) A copy of an undated handwritten petition signed by him contesting the determination in the April 4, 2007, deficiency notices; and (2) a copy of an undated typed petition signed by petitioners. However, petitioners and Mr. McBride failed to prove that they filed either document with the Court, and therefore, the evidence is unpersuasive.

In summary, the duplicate notices of deficiency for 2002, 2003, and 2004, the proverbial "ticket to Tax Court", gave petitioners an opportunity to dispute the underlying Federal income tax liability for those years. However, because

petitioners received the notices of deficiency and failed to file a petition in response to the notices, section 6330(c)(2)(B) precluded them from contesting the validity of the underlying tax liability during their collection hearing and likewise precludes them from raising the underlying liability anew in this proceeding.

Thus for all of the foregoing reasons, with no material facts in dispute and viewing the facts in a light most favorable to petitioners, the parties opposing the summary judgment motion, we hold that the Appeals office's determination to sustain the proposed levy was not an abuse of discretion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.